ANN M. LITTLE

v.

PETER VREDENBURGH.

1. MECHANIC'S LIEN—HUSBAND AND WIFE.—Where materials purchased for the building of a house on premises owned by a wife were not purchased for her by her husband, nor did he profess to act in her behalf, but they were furnished to the husband on his sole credit and individual responsibility without reference to the wife's property, no lien will be created upon the premises of the wife, but the material man must look to the husband alone for pay.

2. WAIVER OF LIEN.—Where the material man does not rely on his mechanic's lien for his security, but on the responsibility of a third person to whom he gave credit, he waives his mechanic's lien.

APPEAL from the Circuit Court of Sangamon county; the Hon. C. S. ZANE, Judge, presiding. Opinion filed January 16, 1885.

Messrs. J. C. & C. L. CONKLING, for appellant; cited Baxter v. Hutchings, 49 Ill. 118; McCarthy v. Carter, 49 Ill. 58.

Material men have no lien where materials are furnished on credit of a third party: Wetherill v. Ohlendorf, 61 Ill. 283.

Messrs. MATHENY & MATHENY, for appellee.

DAVIS, P. J.   This was a petition for a mechanic's lien filed by appellee, to enforce the lien against the premises described in the petition for materials furnished in the erection of a dwelling house thereon for appellant.

Appellee in his petition sets up that appellant contracted with him for the sale and delivery to her of lumber and other materials to be used in the construction of the house to be erected by her on the premises, then and now owned by her. Appellee claims to have furnished to appellant between September 1, 1879, and June 3, 1880, materials used in such house, amounting to $835, on which he has received in part payment the sum of $709.44.

Appellant in her answer admits the ownership of the premises described, and that she caused a building to be erected thereon in 1879 or 1880, but she denies that she entered into any contract with appellee for the purchase of lumber or other material for such house.

It appears by the evidence that prior to any lumber or material having been furnished for the house in question, Thomas S. Little, the husband of appellant, had entered into a written contract, personally, with Alexander Morris, a builder and contractor, under which Morris was to furnish all the lumber and materials required by the specifications, and build the house for the sum of $1,700.40. ·

By the testimony given in the case by appellee, it appears that he was aware of the contract made by Little with Morris, and he sought an interview with the former, and told him that Morris had been at his yard and told him that Little in such contract was to pay all the bills, but was to keep back twenty per cent. of the contract price until the job was completed. The result of the interview was that appellee would not sell to Morris, but agreed to furnish the lumber and materials required, on the responsibility of Little, who was to keep back twenty per cent. of the money until the job was completed. The lumber and materials were furnished on those terms, from time to time, as required, and checks were given by Little to ppellee, on orders drawn on him by Morris.

No communications passed between appellee and Mrs. Lit_ tle with reference to the building of the house and furnishing the lumber and materials, and no contract was made by appellee with her about the same.

Appellee claimed a balance due him, on the lumber and materials furnished, of $125 or $130.

Thomas S. Little testified that he did not contract for, or purchase any lumber or materials for the house for his wife or on her behalf.

On the hearing of the cause, the court below found the amount due appellee to be $76.45, and that he was entitled to a lien on the lands of appellant for that amount, and decreed its payment by her within twenty days from date, or a sale in case of default.

To reverse the decree so rendered, appellant appeals to this court.

The decree is evidently erroneous and can not be sustained.

In Wendt et al. v. Martin et al., 89 Ill. 139, it was held that where a husband purchases materials which are used by him in repairing a house owned by his wife and in so doing does not purchase for her, or profess to act in her behalf, but buys on his own account and solely on his own credit, giving his note for the price, no lien will be created upon the premises of the wife.

The facts in the case above cited, in the main, are very similar to the controlling facts of the case before us, and the same rule should prevail in the decision of the case. In the one before us, the materials purchased for the building of the house on the premises owned by the wife were not purchased for her by Thomas S. Little, her husband, nor did he profess to act in her behalf, but the lumber and materials were furnished to him by appellee on his sole credit and individual responsibility, without reference to the property of the wife. In such a case it seems eminently just and equitable that the material man should look alone to the husband for his pay, if he has not already received it.

It has also been repeatedly held in this State that a vendor of land waives his lien wherever he takes distinct security for

the payment of the purchase money, such as a deposit of stock, a pledge of goods, a mortgage on real or personal estate, or the responsibility of a third person, and no difference in principle is perceived between such a lien and the lien of the material man; both are secret liens.   Kinzey et al. v. Thomas, 28 Ill. 502; Conover v. Warren et al., 1 Gilman, 498; Cowl et al. v. Varnum, 37 Ill. 181.

In the case before us, it is manifest that appellee did not rely on his mechanic's lien for his security, but on the responsibility of a third person to whom he gave credit, and therefore it must be held that he waived his lien on the property of appellant.

Another reason why the decree can not be sustained is, that the evidence does not establish such a contract as the one set up in the petition of appellee.

The decree must be reversed and the cause remanded.

Decree reversed.