STATE ex rel. ALONZO PHILLIPS v. CHARLES B. ELLIOTT.

January 27, 1899.

Nos. 11,530—(270).

**Perpetuating Testimony—Election Contest.**

G. S. 1894, § 153, in relation to elections, reads as follows: "When the canvass shall have been completed, and as soon as practicable thereafter, in the presence of all the judges, each box shall be locked and sealed by pasting firm paper across the lid and body of each box in such a manner that the box cannot be opened without breaking the seal; and each judge shall write his name upon said paper in such place that the box cannot be opened without tearing the name. Said sealings shall not be done, however, until it shall have been ascertained, by a canvass of the ballots in all the boxes, that all the ballots so to be sealed up in said box have been placed therein; but the same shall in all cases be done before the board shall separate or adjourn." Section 154 of said statutes, in part, reads as follows: "Each ballot box, as soon as practicable after the same is sealed as provided in the last preceding section, shall be deposited in the office of the town, city or village clerk, and carefully preserved therein with unbroken seals until the next general election, unless sooner opened by the proper authority for a recount or for examination." P., the relator, claiming to have been duly elected to the office of sheriff of Hennepin county, on November 8, 1898, for the term of two years, commencing on January 1, 1899, petitioned E., the district judge of said county, to have the deposition of L., city clerk of the city of Minneapolis, taken, for the purpose of perpetuating the evidence relating to and con-

tained in the ballots cast at said election for said office of sheriff, and which ballots were then in the sealed ballot boxes, and in the official custody of said L., as city clerk. *Held*, that the taking of such testimony did not come within the scope of G. S. 1894, c. 73, tit. 4, providing that, when any person is desirous to perpetuate the testimony of any witness, a judge of a court of record should cause such deposition to be taken.

Alternative writ of mandamus issued from the supreme court requiring respondent, as judge of the district court for the fourth judicial district, to show cause why he should not take the deposition of L. A. Lydiard, city clerk of the city of Minneapolis. Writ quashed.

*A. B. Jackson, Moses E. Clapp* and *E. R. Lynch*, for relator.

*A. Y. Merrill* and *John H. Steele*, for respondent.

BUCK, J.

The relator, Alonzo Phillips, on December 30, 1898, presented a verified petition to the defendant, Charles B. Elliott, one of the judges of the district court in and for the fourth judicial district in the county of Hennepin, and requested said judge to take the deposition of L. A. Lydiard, city clerk of the city of Minneapolis, and to cause notice to be given of the time and place appointed for taking of said deposition, and to proceed therein as prescribed by G. S. 1894, c. 73, tit. 4 (§§ 5693–5698).

In support of said petition, and as grounds therefor, the petitioner alleged that he was duly nominated for the office of sheriff of the county of Hennepin, to be voted upon at the general election in said county on November 8, 1898; that his name was lawfully upon the ballots by which the electors of said county voted for the office of sheriff at said election; that he was voted for by said electors for said office of sheriff of Hennepin county, the term thereof to begin on January 2, 1899; and that he received a plurality of all the votes cast by the electors of said county at said election for the said office of sheriff. And he alleged in said petition that he was entitled to the certificate of election to said office, and entitled to hold and discharge the duties thereof for said term, but that one Philip T. Megaarden received from the county auditor of said county a certificate that the said Megaarden was elected to said

office for said term.  The relator further'alleged that he intended to contest said election, and appeal from the board of canvassers, in the manner provided by law, and took the necessary steps for such purpose; but that said Megaarden secured the dismissal of said contest and proceedings therein, upon the ground that said petitioner had failed to comply with the provision of the statute which requires that an appeal be entered with the clerk of court within 20 days after the election; but that said failure to enter said appeal was through no fault of his own, and that he intended to prosecute the same to a final determination, and that it was his bona fide intention to institute proceedings to bring an action to secure said certificate of election to said office, and to secure said office.

He further alleged that L. H. Lydiard, the city clerk of the city of Minneapolis, has in his possession all the ballots that were cast at said election in said city of Minneapolis; and that he is informed and believes that said Lydiard can testify from said ballots, and upon and from the inspection of the same, that the petitioner received such plurality of all the votes cast by the electors within said city of Minneapolis for said office of sheriff for said term of said election as will show, not only that he (Phillips) did receive a plurality of all of said votes in said city, but that he received a plurality of all the votes cast by the electors of the county of Hennepin for said office of sheriff for said term; and that the relator was desirous of perpetuating the testimony of said Lydiard concerning this petitioner's claim to said certificate of election and said office; and that the only other person interested in the petitioner's claim to said certificate and said office is Philip T. Megaarden, who is a resident of said city of Minneapolis.

Judge Elliott refused to take such deposition, and the present application is for a peremptory writ of mandamus requiring said judge to proceed with the deposition, as provided by the statute. Upon the relator's application, this court issued an alternative writ of mandamus requiring Judge Elliott to show why he should not proceed to take the deposition of said Lydiard.   Judge Elliott appeared and answered.

Does this application come fairly within the scope of the provisions of G. S. 1894, c. 73, tit. 4, authorizing the perpetuation of the

testimony of witnesses within the state? Section 5693 of said statute provides:

"When any person is desirous to perpetuate the testimony of any witness, he shall make a statement in writing, setting forth briefly and substantially his title, claim or interest, in or to the subject concerning which he desires to perpetuate the evidence, and the names of all other persons interested or supposed to be interested therein, their residences, if known, and if unknown it shall be so stated, and also the name of the witness proposed to be examined, and shall deliver the said statement to the judge of a court of record, requesting him to take the deposition of the said witness."

Subsequent sections further provide the method of procedure for recording the deposition in the office of the register of deeds, when it may be used, and authorize a subpœna to issue to compel a witness to give his deposition in perpetual remembrance of the thing as presented.

The sections are undoubtedly intended to take the place of the old equitable bill in perpetuam rei memoriam. Its object was to preserve evidence, to assist courts, and prevent future litigation, and especially to secure and preserve such testimony as might be in danger of being lost before the matter to which it related could be made the subject of judicial investigation. The origin of this practice, it is said, has been traced to the canon law, which, taking hold of men's consciences, extended its right to all cases in which it was important, in the interests of justice, to register testimony which would otherwise be lost. 2 Am. & Eng. Enc. 277, note 3. It was necessary, however, in the proceedings by bill in equity, to show some reason and necessity for perpetuating the testimony; as that the facts could not be investigated in a court of law, or that some impediment had been interposed to an immediate trial of the suit, or that there was danger that the evidence of a material witness might be lost by his absence or death. For these purposes, the common law did not afford any or sufficient remedy, and hence litigants or intended litigants invoked the auxiliary jurisdiction of equity in perpetuating the desired testimony as to some matters which would likely be necessary at some future time, if litigation therein should be instituted A deposition, while author-

ized by statute, is still considered as secondary evidence, the primary evidence being that given orally by the witness in court; and where the witness whose deposition is thus obtained is within the jurisdiction of the trial court, and is able to appear and testify, the reason for taking his deposition no longer exists. Weeks, Dep. § 457; Atkinson v. Nash, 56 Minn. 472, 58 N. W. 39; Booker v. Booker, 20 Ga. 777.

Taking the facts in the case, can it be held that it appears therefrom that it is the intent and object of the relator to preserve the testimony sought, by taking the deposition of the clerk Lydiard? He knows nothing of the material facts in the case, and it is not claimed that he does know any such facts. He is simply the custodian of the ballot boxes containing the ballots, which it is claimed are important evidence in the contemplated proceedings on the part of the relator. But, if he continues to be the clerk, his testimony can be secured on the trial of any future action, and hence his deposition is unnecessary. Any clerk succeeding him would be the custodian of the same ballot boxes, and his testimony could also be secured on any such trial. As to the ballots cast for the relator and Megaarden for the office of sheriff, the law already secures and preserves them. G. S. 1894, § 153, reads as follows:

"When the canvass shall have been completed, and as soon as practicable thereafter, in the presence of all the judges, each box shall be locked and sealed by pasting firm paper across the lid and body of each box in such a manner that the box cannot be opened without breaking the seal; and each judge shall write his name upon said paper in such place that the box cannot be opened without tearing the name. Said sealings shall not be done, however, until it shall have been ascertained, by a canvass of the ballots in all the boxes, that all the ballots so to be sealed up in said box have been placed therein; but the same shall in all cases be done before the board shall separate or adjourn."

And section 154 of said statutes has this provision:

"Each ballot box, as soon as practicable after the same is sealed as provided in the last preceding section, shall be deposited in the office of the town, city or village clerk, and carefully preserved therein with unbroken seals until the next general election, unless sooner opened by the proper authority for a recount or for examination."

There is no danger of the destruction or loss of these ballot boxes, or the ballots themselves. Their safe-keeping is already made as effectual by statutory law as it could possibly be made by any judicial proceedings through a deposition. It is the duty of a sworn officer to keep the ballot boxes intact, with an unbroken seal upon them, for two years. The term of office of sheriff is only two years, and during that time he must necessarily commence his action, in order to become entitled to the possession of it, if at all; and for such purpose the clerk, as custodian of the ballots, could be compelled to appear personally as a witness in court, and give his testimony therein, as well as to produce such ballots in a pending action; and in such case the deposition could not be used. This is, in fact, a proceeding to discover evidence,—not to preserve it.

Our conclusion is that the relator has not presented such a state of facts as to bring his case within G. S. 1894, c. 73, tit. 4, relative to proceedings to perpetuate the testimony of witnesses within the state, and that the writ should be quashed. It is so ordered.