In re Petition of Central Vermont Public Service Corporation.

(55 A2d 201)

October Term, 1947.

Present: Moulton, C. J., Buttles, Sturtevant and Jeffords, JJ. and Cleary, Supr. J.

Opinion filed October 15, 1947.

*Lawrence & O'Brien* and *Ryan, Smith & Carbine* for the petitioner.

*Clifton G. Parker,* Attorney General, for the petitionee.

*Smith & O'Neil, Lindley S. Squires* and *Vernon J. Loveland* for the City of Rutland.

MOULTON, C. J.  By this petition, brought to this Court by the authority of P. L. 1338, it is sought to prohibit the Hon. Charles B. Adams, a Superior judge, from proceeding under the provisions of P. L. 1737 to take the testimony of Harold L. Durgin and to require him to produce certain enumerated records of the petitioner.

The antecedent facts, as to which there is no dispute, are these: The City of Rutland brought an action in tort against the Central Vermont Public Service Corporation, hereinafter called the petitioner, alleging negligence in the construction and maintenance of two dams owned and operated by it, resulting in a destructive flood which caused damage to various municipal installations. During the pendency of the action in the Rutland County Court and before the time for trial the City, acting by its City Attorney, applied to Judge Adams for an order to take the deposition of Durgin. The application alleges that Durgin is the Vice President and Chief Engineer of the petitioner, that as such he has knowledge of the construction and maintenance of the two dams and that he has in his custody and under his control the named records and documents to which it is necessary for the City to have access in the preparation and prosecution of its action; and that the testimony of Durgin together with these records and documents will be material to the prosecution of the litigation. The application is verified by oath, and there is appended to it a certificate by one of the City's counsel that upon the instructions given him and the case laid before him there is good ground for taking the deposition.

Upon the presentation to him of this application, Judge Adams issued an order that the deposition be taken in perpetual remembrance, and fixed a day and place for so doing; and issued a subpoena duces tecum to Durgin.

Thereupon the petitioner applied to this Court for a writ of prohibition directed to Judge Adams to forbid him from taking the deposition, upon the ground that he exceeded his jurisdiction in issuing the order mentioned above, because, briefly stated, the circumstances did not bring the case within the scope of P. L. 1737. A stay of proceedings was ordered, pending hearing before us. Judge Adams filed an answer, and, later, the City of Rutland asked and was given leave to intervene as party respondent and adopted the answer already filed. The City will hereafter be referred to as the intervenor.

P. L. 1737 reads as follows:

"When a person desirous of perpetuating the testimony of a witness files an affidavit with a justice of the supreme court, a superior judge or a judge of the county court or a municipal judge, that he is a party in a pending action or that he expects to be made a party or that he has some title, claim, or interest which he expects will be made the subject of legal controversy, and in such affidavit sets forth his title, claim or interest in or to the subject concerning which he desires to perpetuate the evidence and that the testimony of a witness is material in defense or prosecution of such action or to establish such title, claim or interest, such justice or judge shall make his order in writing, requiring reasonable notice to be given to the persons named in such affidavit, as parties, or who are expected to become parties, or to their attorneys, of the time and place of taking the deposition of such witness, which order of notice shall be served on such parties like a writ of summons. Such affidavit shall be supported over the signature of an attorney of this state, by a statement that upon the instructions given him and the case laid before him there is good ground for taking the testimony."

■ The parties hereto agree that P. L. 1737, being in derogation of the common law, is to be strictly construed. This is the holding in *Clark's Admr.* v. *Wilmington Savings Bank,* 89 Vt 6, 8, 93A 265. In *State ex rel Phillips* v. *Elliott,* 75 Minn 391, 77 NW 952, 954, a statute substantially identical with ours was said to be undoubtedly intended to take the place of the equitable bill *in memoriam sui perpetuam,* the origin of which "has been traced to canon law, which, taking hold of men's consciences, extended its right to all cases in which it was important, in the interest of justice, to register testimony which would otherwise be lost," the object being to preserve evidence, to assist courts, and prevent future litigation, and especially to secure and preserve such testimony as might be in danger of being lost before the matter to which it related could be made the subject of investigation. Therefore in such a proceeding a court of equity will not entertain the bill if it is possible that the matter in controversy can be made the subject of immediate judicial investigation by the party who seeks to perpetuate the testimony (*Crawford* v. *McAdams,* 63 NC 65, 68), and it must appear that the testimony may be lost by delay. *State of Arizona* v. *State of California,* 292 US 341, 348, 54 S Ct 735, 738, 78 L ed 1298; *International Coal Mining Co.* v. *Pennsylvania R. Co.,* 214 Pa 469, 63A 880. And it has been held that when a party lives within the jurisdiction, and discloses his intention of being present in person at the trial and that there is no tangible or probable reason why he should not be so present and testify, his deposition may not properly be taken. *Guinan* v. *Ready,* 79 Okla 111, 191 P 602, 605-6.

■ The intervenor argues that the affidavit agrees in all respects with the form required by the statute, and this is so. But the act prescribes only a method of procedure and it does not follow, as the intervenor claims it does, that a compliance with the form is alone sufficient to authorize the taking of the deposition. The right to avail oneself of the statutory privilege depends upon the existence of the same circumstances which we have mentioned as necessary to support a bill in equity brought for the same purpose as that contemplated by the statute, that is, to perpetuate testimony. The certificate of the attorney, appended to the affidavit, as required by the law, is to be taken to refer to such circumstances. It would be a strained construction to say that the certificate must be held to be conclusive, and not subject to inquiry regarding the legal sufficiency of the facts upon which it is based.

Such an inquiry is opened by the present petition. It is admitted that Durgin, the proposed witness, is 44 .years of age, in good health, and lives with his family in the City of Rutland, and has his office and work there, and that he will continue to remain in the city and will be available as a witness in the pending cause. No claim has been made that the records of the petitioner will be destroyed, tampered with, or removed from the jurisdiction. The intervenor can require them to be produced in court at the trial. P. L. 5862.

It is urged that there is danger of delay in the trial, because a motion for change of venue, made by the petitioner, is now before the trial court, and a ruling thereon will result in an appeal to this Court. This may be so, of course, and the same is true of any other interlocutory ruling that may be made in the course of the litigation. But proceedings of this kind do not appear in this instance to be productive of such delay as will jeopardize the intervenor's rights, or cause it to lose the benefit of any material evidence which tends to support its side of the controversy.

After careful consideration, we are of opinion that in this case the grounds upon which the statutory application to perpetuate testimony may be granted do not exist; that there appears to be no reasonable probability of the loss of the testimony by delay; that there is no valid reason to suppose that the witness and the records will not be available at the trial; and that to construe P. L. 1737 as permitting a person, at his desire, to examine witnesses, under oath, in advance of trial, without regard to their residence or future availability, under the guise of perpetuating their testimony, but in reality to aid in the preparation of his pending cause, would be to authorize a proceeding which transcends the intent and purpose of the act. See *State* v. *District Court,* 114 Mont 128, 133 Pac2d 350, 353. Since there is no legal right to take this proposed deposition, the decisions in *In re Turner,* 71 Vt 382, 383, 45A 754, and in *In re Foster,* 44 Vt 570, 578, cited by the intervenor, are not in point. It has been made to appear that Judge Adams was without jurisdiction in the matter.

*It is ordered that a writ of prohibition issue, in the name of the State, signed by the clerk, directed to the Hon. Charles B. Adams, Superior Judge, prohibiting him from proceeding further in the application of the City of Rutland to take the testimony of Harold L. Durgin in perpetuity, without costs.*