*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.

## HALL *v.* MERCHANTS & FARMERS BANK

No. 40001          March 5, 1956          85 So. 2d 788

See Hall v. Merchants & Farmers Bank, 222 Miss. 813, 77 So. 2d 310.

*DeQuincy Sutton,* Meridian, for appellant.

103

*M. V. B. Miller, Snow & Covington, J. C. Floyd,* Meridian, for appellee.

HALL, J.

On June 11, 1954, the appellant filed a proceeding with the Chancery Clerk of Lauderdale County stating that he desired to perpetuate the testimony of certain witnesses therein named respecting the matter of a suit or suits contemplated against Merchants & Farmers Bank and others for the total sum of $500,000, the subject of such suits to be brought being the disclosure to the Internal Revenue Service of data respecting the confidential and private banking transactions of M. H. Hall. Four witnesses were named whose testimony the appellant herein expected to take. The proceeding was filed under Section 1714, Code of 1942, which provides as follows:

"A person desiring to perpetuate the testimony of any witness or the remembrance of any fact as to a matter in which he is interested, in respect to, which there is no suit pending, may file his written statement, verified by his oath or the oath of some one for him, in the office of the clerk of the chancery court of the county

in which it would be lawful to institute a suit, at law or in chancery, touching the matter as to which such testimony is desired, which statement shall plainly set forth the subject-matter concerning which testimony is sought to be perpetuated, and the names and places of residence of the witnesses whose testimony is wanted, and the nature of the testimony of each witness, and the names and places of residence of all persons interested in the matter to which the testimony relates; or, if their names and residences be unknown, that shall be stated."

It will be noted that in a proceeding under this section it is necessary to file a written statement touching the matter as to which such testimony is desired and that the statement shall plainly set forth the subject-matter concerning which testimony is sought to be perpetuated, the names and places of residence of the witnesses, and the nature of the testimony of each witness, and the names and places of residence of all persons interested in the matter to which the testimony relates. There was an utter failure to comply with the provisions of this act. The application or petition did not state the matter as to which such testimony is desired; it did state the names of the witnesses whose testimony is wanted; it did not state the nature of the testimony of each witness; it did not state the names and places of residence of all persons interested in the matter to which the testimony relates; it did give the name of Merchants and Farmers Bank but indicated that there were others also interested without stating who they are.

A commission was issued to Judge Jesse H. Graham, not as judge of the circuit court but as a commissioner to take the depositions of the witnesses. Objection was made before the commissioner to the taking of any testimony under the proceeding but he held that he was not acting in a judicial capacity in the matter but only in an administrative capacity as a commissioner of the chancery court. Thereupon the Merchants and Farmers

Bank filed a bill of complaint in the chancery court to enjoin the taking of any testimony under the proceedings. A temporary injunction was issued in accordance with the prayer of the bill. The appellant herein answered the bill and filed a cross bill and an amended cross bill, which will be referred to later. Upon the hearing in the chancery court, the chancellor made the injunction perpetual and sustained a demurrer to the amended cross bill, and from that decree this appeal is prosecuted.

A careful study of the affidavit and application originally filed by the appellant convinces us that it does not comply with the aforesaid statute on the subject and that the injunction against the taking of the testimony for perpetuation purposes was properly granted.

In 26 C. J. S., Depositions, Section 5, p. 811, it is said: "Except where the right to perpetuate testimony is absolute, the preservation of evidence by depositions is not favored, and the application will not be allowed unless some proper ground for it exists at the time, and it appears that the testimony is material and will be competent evidence, and that the deposition is necessary because of the danger that the testimony may be lost by delay, or unless it is necessary to prevent a failure of justice. The application must be made in good faith, and the granting of an order for the perpetuation of testimony is improper where it is sought solely to enable plaintiff to frame the complaint, or to perpetuate testimony as to trivial matters, where a person will be enabled thereby to shield himself from the consequences of his own wrongdoing, or where there is no reasonable ground to believe that the evidence desired cannot be obtained at the trial."

Coming now to the second point, the original bill filed by the Bank raises the question of failure to comply with the statute. The cross bill and amended cross bill raised an entirely different matter and an entirely different subject and conclude with the prayer for

an injunction against the Bank from interfering with, discussing or communicating any phase of Hall's affairs known to the Bank, and for an injunction to prevent the Bank from impeding Hall in his prospective suit for damages, and also asks for a $5,000 attorney's fee and for inspection and copy of certain minutes of the Board of Directors of the Bank and of the oaths taken by its officers and directors, and concludes with a prayer for the appointment of a receiver, outside of the present officers of the Bank, to take over and manage the affairs of the Bank. As we have pointed out the scope of the original bill filed by the Bank was merely to enjoin appellant from going ahead with the proceeding filed by him to perpetuate said testimony. The amended cross bill does not present any new matter pertaining to the defense of that issue but on the contrary brings into the litigation an entirely new subject which is in no way connected with that of the original bill and is not germane thereto. The alleged wrongful acts of the Bank's representatives are not related in any way to the question of whether the perpetuation proceeding is valid or invalid. ▆▆▆ The subject-matter of a cross bill should pertain to matter appearing in the original bill. The cross bill is auxiliary to the original bill and is dependent thereon, and a possible future controversy should not be the subject of a cross bill. 19 Am. Jur., Equity, Section 327, pp. 231-232; 30 C.J.S., Equity, Section 384, pp. 796-797; Griffith's Miss. Chancery Practice, Sections 377-379.

From what we have said it follows that the decree of the lower court should be affirmed.

Affirmed.

*Roberds, P. J.*, and *Kyle, Holmes* and *Gillespie, JJ.*, concur.