## Staunton

RICHARD B. DALE v. THE FIDELITY & CASUALTY COMPANY OF NEW YORK AND LAMBERTS POINT DOCKS, INC.

August 31, 1962.

Record No. 5465.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead and Carrico, JJ.

*George E. Allen (Allan S. Reynolds; Allen, Allen, Allen & Allen; White, Ryan & Reynolds, on brief), for the appellant.*

*Lawson Worrell, Jr. and William T. Prince (Williams, Cocke, Worrell & Kelly, on brief), for the appellees.*

EGGLESTON, C. J., delivered the opinion of the court.

This is an appeal from a decree permanently enjoining and restraining the appellant, Richard B. Dale, from taking the testimony of certain witnesses before a commissioner in chancery, pursuant to Code, § 8-317, with respect to an accident in which the appellant had theretofore been injured.

The bill for the injunction alleged that the appellant had filed a petition, addressed to a commissioner in chancery of the lower

court, representing that he was seriously injured in an accident in the city of Norfolk on July 11, 1961; that he was desirous of perpetuating the testimony of certain witnesses as to matters in respect to the accident; that there was no suit or action pending concerning the accident; that the appellees might be affected by the testimony to be taken, and praying that pursuant to Code, § 8-317, the testimony of the named witnesses might be taken at a designated time and place.

The bill further alleged that the appellant was not entitled to perpetuate the testimony of these witnesses under § 8-317, because, it averred, he was not "prevented from instituting a suit or an action for the recovery of damages sustained by him" in the accident, in which suit or action the matter could be investigated. Hence, the bill prayed that the appellant be enjoined from taking the testimony of these witnesses before the commissioner pursuant to this statute.

The appellant answered denying that the appellees were entitled to the relief prayed for. After hearing the matter on the bill and answer the lower court entered a decree permanently enjoining the appellant from taking the testimony; hence this appeal.

The sole question presented is whether, under the circumstances related, the appellant was entitled to take the testimony of these witnesses pursuant to Code, § 8-317. The pertinent portion of that section reads as follows:

"*How testimony perpetuated.*—A person desirous of perpetuating the testimony of witnesses as to a matter, or matters, in respect to which there is no suit or action, may file with a commissioner in chancery of a court *wherein, if there were a bill to perpetuate the testimony, such bill might be filed,* a petition addressed to such commissioner stating such matter, or matters, and what persons may be affected by the testimony. Whereupon, the commissioner shall appoint for the beginning of the proceeding on the petition, a time and place, whereof reasonable notice shall be given to the persons who may be so affected. * * * At such time and place, the commissioner shall begin the proceeding and before finally closing the same shall take in writing the evidence of any witnesses adduced by the petitioner, or by any other person in interest, with respect to the matter, or matters, set forth in such petition." (Emphasis added.)

The section further provides that the commissioner "shall return such petition with a report of his proceedings thereon, and the testimony taken by him, to the clerk's office of the court by which he was appointed," and that "Such court, or the judge thereof in vaca-

tion, on motion of the petitioner or any other party in interest, shall, if it appears that proper and *sufficient grounds therefor* exist, enter a decree or order directing that the testimony so taken be perpetuated and preserved." (Emphasis added.)

Section 8-318, in providing for its subsequent use, states that *"such testimony shall have the same effect as if it had been taken on a bill to perpetuate the testimony."* (Emphasis added.)

Section 8-319 provides for the preservation of the testimony so taken and the recordation of the petition.

This statute first appeared in the Code of 1849, ch. 176, § 34, p. 666. It was carried into the Code of 1887 as § 3369, and into the Code of 1919 as § 6235. After having been amended by the Acts of 1938, ch. 435, p. 981, and Acts of 1948, ch. 343, p. 667, it was carried into the Code of 1950 as §§ 8-317, 8-318 and 8-319. Despite its long history we have not heretofore had occasion to inquire into its purposes and limitations.

In *Smith* v. *Grosjean*, 1 Pat. & H. 109 (decided in 1855), the statute, though not involved in the proceeding, was referred to in the opinion of one of the presiding judges. That case involved the proper procedure for the perpetuation of testimony by a bill in chancery. It was held that depositions could not be taken before the filing of the bill and the entry of an order to take testimony. Thompson, J., after noting that the statute for perpetuating testimony (Code of 1849, ch. 176, § 34, p. 666) furnished no light on the proper decision of the case, had this to say of it: "The Legislature intended to enact a *new law*, and not to declare what the old law was, having for its *object to provide a simpler, speedier, and cheaper method of taking testimony* in rei perpetuam memoriam before a commissioner, than the old one, if a party chose to resort to it, without repealing the old law; and this was all that was intended or done." 1 Pat. & H., at page 118. (Emphasis added.)

The appellant contends that the only allegations required in a petition filed under Code, § 8-317, are that the petitioner is "desirous of perpetuating the testimony of witnesses as to a matter, or matters, in respect to which there is no suit or action," and that having made these allegations he was entitled to proceed with the taking of the desired testimony. Indeed, counsel for the appellant said in the oral argument before us that under the broad language of the statute it may be used for the purposes of discovery or to aid the petitioner in the preparation of his case, and that such was his purpose in this instance.

The appellees insist that the statute is designed to provide a simpler and less expensive method of perpetuating testimony than is afforded by resorting to a bill in equity for that purpose, but that it is merely procedural and does not dispense with the requisites for the perpetuation of testimony by a bill in equity. One of these requisites is that the petitioner must aver that he is not in a position to bring an action wherein these matters may be immediately investigated. In short, the appellees say that the statute merely provides a different means of obtaining the same result and for the same purpose. They deny that it may be used as a means of discovery.

It is well settled and conceded here that in a bill in equity for the perpetuation of testimony the plaintiff must allege that the facts to which the testimony proposed to be taken relates cannot be immediately investigated in a court of law, and that in order to prevent its loss by delay it should be taken and preserved until such an action can be brought. 4 Minor's Institutes, 2d Ed. 1883, p. 1260; Barton's Chancery Practice, 3d Ed., p. 272; 16 Am. Jur., Depositions, § 9, p. 703; 26A C. J. S., Depositions, § 5-a, p. 293.

We agree with the appellees that the underlying requirements for a proceeding to perpetuate testimony under Code, § 8-317, are the same as those in a suit in equity for the same purpose. That view finds support in the language of the statute itself. Under § 8-317 the petition must be filed "with a commissioner in chancery of a court wherein, if there were a bill to perpetuate the testimony, such bill might be filed." Section 8-318 provides that "such testimony shall have the same effect as if it had been taken on a bill to perpetuate the testimony." According to § 8-317, in disposing of the commissioner's report the court shall, "if it appears that proper and sufficient grounds therefor exist, enter a decree or order directing that the testimony so taken be perpetuated and preserved." Here the word "grounds" refers to the common-law requisites for the perpetuation of testimony.

Moreover, that view is supported by the Virginia text writers. Mr. Minor, after pointing out the requisites for a bill for perpetuation of testimony, says:

"In Virginia, the proceeding to perpetuate testimony is much simplified, and varies according as a suit is, or is not, pending.

\* \* \* \* \* \* \*

"If no suit be pending, the proceeding, instead of being in court upon a bill filed, may be in an informal way before a commissioner in chancery, of the court where such a bill might have been exhibited,

*upon a petition setting forth the same matter as would be in a bill,* and what persons may be affected by the testimony. \* \* \* " 4 Minor's Institutes, 2d Ed. 1883, p. 1260. (Emphasis added.)

Lile's Equity Pleading and Practice, 3d Ed., § 133, p. 77, in speaking of the purpose of a bill to perpetuate testimony, refers to Code, §§ 8-317 to 8-319, as "a statutory substitute" for a proceeding in equity.

The view contended for by the appellees, and which we find is the proper one, is supported by numerous decisions from other jurisdictions which hold that such a statute is intended as a simple and inexpensive substitute for the perpetuation of testimony by a suit in equity and may not be used for the purpose of discovery or aid to the petitioner in the preparation of his case. See 26A C. J. S., Depositions, § 5, pp. 292, 293; *Ex parte Cross*, 247 Ala. 85, 22 So. 2d 378, 381; *Underwood* v. *Smith*, 261 Ala. 181, 73 So. 2d 717, 725; *American Life Ins. Co.* v. *Powell*, 259 Ala. 70, 65 So. 2d 516, 518; *Hall* v. *Merchants & Farmers Bank*, 227 Miss. 100, 85 So. 2d 788, 790; *State* v. *Elliott*, 75 Minn. 391, 77 N. W. 952, 954; *State ex rel. Pitcher* v. *District Court*, 114 Mont. 128, 133 P. 2d 350, 353, 354; *State ex rel. Neilson* v. *District Court*, 128 Mont. 445, 277 P. 2d 536, 539; *Petition of Central Vermont Public Service Corp.*, 115 Vt. 204, 55 A. 2d 201, 202, 203.

In *Petition of Central Vermont Public Service Corp.*, *supra*, it was said that, "The right to avail oneself of the statutory privilege depends upon the existence of the same circumstances which we have mentioned as necessary to support a bill in equity brought for the same purpose as that contemplated by the statute, that is, to perpetuate testimony." 55 A. 2d, at page 203. As we have seen, Mr. Minor says the same is true of the Virginia statute. 4 Minor's Institutes, 2d Ed. 1883, p. 1260, *supra*.

The California and Texas courts support the view advocated by the appellant. *Jonas* v. *Superior Court*, 138 Cal. App. 677, 32 P. 2d 1114, 1115; *Ramsey* v. *Gardner*, 154 Tex. 457, 279 S. W. 2d 584.

If the appellant be correct in his argument that the statutory procedure for perpetuating testimony (§ 8-317 ff.) may be used for the purpose of discovery, there was no need for the formulation and promulgation by this court of Rule 3:23 dealing specifically with the subject.

In our opinion, the decree of the lower court is plainly right and accordingly it is

*Affirmed.*