155 So.2d 10 (1963)
STATE of Florida, Petitioner,
v.
Edward R. LAMPP and Honorable John U. Bird, as Circuit Judge in and for Pinellas County, Respondents.
No. 3678.
District Court of Appeal of Florida. Second District.
June 21, 1963.
Rehearing Denied July 22, 1963.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., Tallahassee, for petitioner.
Mark R. Hawes, St. Petersburg, for respondents.
*11 BARNS, PAUL D., Associate Judge.
Upon petition for common law certiorari the petitioner seeks review of an order of the Honorable John U. Bird as Circuit Judge ordering the clerk of the circuit to issue subpoenas ad testificandum to certain persons requiring them to appear before the court's Court Reporter and confer with defense counsel and under oath to fully disclose to defense counsel their knowledge concerning facts in the case of State of Florida v. Edward R. Lampp wherein the defendant is charged with grand larceny. We find error, that the remedy by appeal would be inadequate, grant certiorari and quash the order.
The respondent Lampp by his sworn motion for the order entered by Judge Bird repesented that the proposed deponents had declined to confer with his counsel and that the defendant and his counsel are rendered helpless and impotent to prepare defendant's defense without the assistance of compulsory process of the court. The petition made a showing that the prospective deponents had knowledge of facts material to the case.
The position taken by the State, the petitioner, is as follows:
It clearly appears from the application of the defendant, Edward R. Lampp, for the challenged order that his purpose was to interrogate witnesses before the court reporter prior to trial, for the purpose of discovery as to what they knew about the case. Said application made no pretense of making a showing which would justify the propounding of interrogatories to absent witnesses for trial purposes under Section 916.06, Florida Statutes F.S.A. (the only Florida statute authorizing the taking of depositions by a defendant in a criminal case).
However, the order here involved in effect gave the said Edward R. Lampp the right to take the depositions of witnesses (the State's witnesses, at that) for discovery purposes in order to assist him in preparing his defense, rather than for use as evidence at the trial; it not only required the issuance of subpoenas for said witnesses to appear before the court reporter but it also commanded said witnesses to confer with defense counsel before the court reporter, under oath, and fully disclose their knowledge of the facts in the case; it is, of course, to be assumed that the defendant would request the court reporter to take down the sworn testimony thus given by the witnesses, otherwise, there would be no point in having them appear before the court reporter.
Such a procedure is completely contrary to the criminal procedure which has grown up in the State of Florida and which has been in effect for generations past. It is in contravention of the common law, which is in force in this state.
The position taken by the repondent-defendant is as follows:
It was and is the position of Respondents that the following provisions of the Federal and Florida Constitution taken singly and/or as a whole, in light of the showing made, required the trial Judge to grant Respondent the relief set forth in the Order of September 11th.
1. The Equal Protection and Due Process of law clauses of Section 1 of the Fourteenth Amendment to the Federal Constitution, and the corresponding clauses of the Florida Constitution, Section 1 and 12 of the Declaration of Rights, Florida Constitution, F.S.A.
2. The Right To Counsel, The Right to Compulsory Process for the Attendance of Witnesses in his favor, and The Right To Demand The Nature and Cause of the Accusation against him; all embraced in Section 11 of the Delaration of Rights to the Florida Constitution and guaranteed and protected by the Fourteenth Amendment to the Federal Constitution.
It is the Respondent's position that he and the State of Florida occupy similar positions *12 in that they are merely two parties to the same cause. Important substantive and procedural rights cannot be extended to one party in a cause and withheld from another without colliding with any civilized conception of Equal Protection, Equal Application and Due Process of law.
The subpoena power exercised by the State to compel witnesses purporting to have knowledge material to criminal cases to appear before the State Attorney and make a full disclosure to him of their knowledge of the facts in controversy before a Court Reporter in aid of his preparation for trial is that of the Court and not that of the State Attorney's office. When a Defendant in a criminal case demonstrates he is unable to prepare his case on the facts and desires to do so and properly invokes the compulsory assistance of the Court in this manner, he is entitled as a matter of right to the Court's assistance.
The Defendant's organic right to counsel means something more than the appearance of counsel in the defendant's behalf. It includes the right to the beneficial enjoyment of informed, prepared, and conscientious counsel. This right extends not only to the trial itself but to the careful and conscientious preparation of defendant's case for trial, as well. The Florida Supreme Court has, on several occasions, recognized the invaluable assistance to a defendant of counsel in the careful investigation and preparation of both the law and the facts of the case in preparation of trial.
Where defense counsel cannot otherwise inform himself of the facts of the case, and where he properly invokes the assistance of the Court to this end, the denial of such assistance impinges upon the defendant's right to counsel in two particulars:
1. It denies defendant the beneficial enjoyment of his right to the assistance of counsel in preparation of the facts of the case for trial.
2. It denies the defendant the right to the assistance of counsel in intelligently invoking his Constitutional right to compulsory process for obtaining witnesses to testify in his behalf at the trial itself. This, because counsel and the defendant cannot intelligently invoke compulsory process for witnesses at the trial unless they have some knowledge of which witnesses have possession of material facts and what their testimony will be.
Additionally, it is Respondents' position that to give counsel the right and obligation to ascertain what the testimony of witnesses will be and to deny him the necessary authority to discharge that right and obligation, reduces the right to counsel to a hollow mockery.
It is further, Respondents' position that to extend to defendant compulsory process for the attendance of witnesses in his favor at the trial and to withhold from him and his counsel the means of intelligently invoking said process, which cannot be done without knowledge of the facts within the witnesses' possession, impinges upon his right to compulsory process for witnesses at the trial. The inevitable result is to strip defendant of the beneficial enjoyment of his right to compulsory process.

Conclusion
Unless introduced by appropriate legislation, the doctrine of discovery is a complete and utter stranger to criminal proceedings. To this effect, we quote from 23 C.J.S. (1961 Edition) Criminal Law § 955 (1), page 787, as follows:
"* * * No broad right of discovery exists, however, in criminal cases; the common law recognized no right of discovery in such cases, and it has been held that unless introduced by appropriate legislation, the doctrine of discovery is a complete and utter stranger to criminal procedure."
Nor does a Florida defendant have the right to take discovery depositions, *13 or the depositions of any but absent witnesses for use at the trial, because no statute or court rule provides for such to be done. The right to take depositions in other than equity cases does not exist unless conferred by statute or court rule. The right to take depositions did not exist at the common law. We quote to that effect from Reed v. Allen, 121 Vt. 202, 153 A.2d 74, 76, 77 (a case in which the Supreme Court of Vermont issued a writ of prohibition to restrain the taking of depositions in a criminal case when they were not authorized by statute) to-wit:
"At the outset it is essential to have in mind that no right to take depositions existed at common law. Pingry v. Washburn, 1 Aikens 264, 268. Later in the case of Clark's Adm'r v. Wilmington Savings Bank, 1915, 89 Vt. 6, 8, 93 A. 265, 266, the Court stated it to be `well-established doctrine that the authority to take testimony by way of deposition is in derogation of the rules of the common law, and has always been strictly construed.' In re Petition of Central Vt. Public Service Corp., 115 Vt. 204, 207, 55 A.2d 201, and In re Peters' Estate, 116 Vt. 32, 35, 69 A.2d 281, are to the same effect."
It appears that the proposed deponents had been approached by the respondent, but full interviews have been refused. The State's witnesses were under no legal obligation to talk to the defendant's counsel before trial, State v. Gilliam, Mo., 351 S.W.2d 723; and it has been held that it is not error to deny a defendant's request to the court to compel named witnesses to talk with defendant's counsel before he put them on the stand. Dicks v. United States, 5 Cir., 253 F.2d 713. In People v. Mitchell, 16 Ill. App. 189, 147 N.E.2d 883 the court held:
"Another point raised on appeal is that the Trial Court refused to order witnesses for the prosecution to submit to an interview with the defendant or his counsel. * * * The evidence shows that the witnesses refused to discuss the facts or the evidence which would be presented by such witnesses with attorney for the defendant other than in the presence of the prosecuting attorney. While it is not consistent with our standards of procedure for a prosecuting attorney to direct witnesses not to talk with defense counsel, it is clear that these witnesses were not required to discuss their testimony with counsel, nor would a Court be required to enter an order directing that such witnesses be produced in court so that counsel could interview the witnesses (People v. Duncan, 261 Ill. 339, 103 N.E. 1043). As the Court in the Duncan case indicated, a defendant is entitled under the law to be served with notice that the witnesses would be called to testify on behalf of The People on the trial. Such witnesses, however, are under no obligation to grant an interview to defendant or to counsel for defendant, or discuss with such defendant or defendant's counsel, what the testimony would be, unless the witnesses chose to do so."
In United States v. Garsson, 2 Cir., 291 F. 646, 649, Judge Learned Hand in his opinion for the court stated:
"Under our criminal procedure the accused has every advantage. While the prosecution is held rigidly to the charge, he need not disclose the barest outline of his defense. He is immune from question or comment on his silence; he cannot be convicted when there is the least fair doubt in the minds of any one of the twelve. Why in addition he should in advance have the whole evidence against him to pick over at his leisure, and make his defense, fairly or foully, I have never been able to see. No doubt grand juries err and indictments are calamities to honest men, but we must work with human beings and we can correct such errors only at too large a price. Our dangers do not lie in too little tenderness to the accused. Our procedure *14 has been always haunted by the ghost of the innocent man convicted. It is an unreal dream. What we need to fear is the archaic formalism and the watery sentiment that obstructs, delays, and defeats the prosecution of crime."
State ex rel. Regan v. Superior Court, 102 N.H. 224, 153 A.2d 403, related to an order requiring in advance of trial that certain police officers produce for inspection certain reports and records in their possession and in the course of their depositions "answer all questions which would not call for opinions or hearsay evidence * * *." The depositions seem to have been authorized by statute but not the inspection of the records and reports, and concerning the latter the opinion states:
"Under the law of New York even though the trial may have commenced, the right to inspection does not necessarily accrue at once. `Justice will sometimes be promoted if disclosure of the contents is withheld till the fabric of the proof shall be more fully and closely woven. The rights of a defendant, will generally be sufficiently protected if inspection is permitted before the case is closed.' Cardozo, Ch. J., in People v. Miller, 257 N.Y. 54, 59, 177 N.E. 306, 308.
"The reasons behind the reluctance of legislatures to modify the common law are not far to seek. `In criminal proceedings long experience has taught the courts that often discovery will lead not to honest fact-finding, but on the contrary to perjury and suppression of evidence * * *. To permit unqualified disclosure * * * would defeat the very ends of justice.' Vanderbilt, C.J., in State v. Tune, 13 N.J. 203, 210, [219], 211, 98 A.2d 881, 884."
Basically, the purpose of taking the depositions of the State's witness was to obtain pre-trial discovery as in civil actions. The order in question departs so far from the established practice and the public policy of the State that certiorari is granted and the subject order is quashed.
KANNER, Acting C.J., and ALLEN, J., concur.