# CIRCUIT COURT OF LOUDOUN COUNTY

Joan Orie Melvin

    v.

John Doe

June 24, 1999

Case No. (Law) 21942

BY JUDGE THOMAS D. HORNE

Plaintiff alleges that she has been defamed by an unknown individual. It is suggested that this individual, identified as "John Doe" in the motion for judgment, published defamatory material concerning the plaintiff at a website located on America Online. America Online has its principal place of business in Loudoun County, Virginia. Although there has been no service of process on the defendant, the plaintiff has caused a subpoena *duces tecum* to issue from the Clerk of this Court, directing that America Online produce "[a]ll documents which identify the individual or entity who owns, leases, or subscribed to AOL to open the website" where the alleged defamatory material was published. The defendant has made a special appearance in the case for purposes of challenging the jurisdiction of the Court. Counsel for the defendant request that the case be dismissed and that the subpoena be quashed.

There has been no service of process in this case. Defendant has properly raised the issue of jurisdiction by motion and special appearance. § 8.01-277, Code of Virginia; W. Hamilton Bryson, *Virginia Civil Procedure*, 141, 142 (3d ed. 1997). Should the Court determine that it has jurisdiction to hear this action, then an "action or suit" would be "pending" within the contemplation of Rule 4:9(c), Rules of the Supreme Court of Virginia. Only at such time would it be proper for the subpoena to issue.

258

For the following reasons, the Court finds that it lacks jurisdiction to hear this matter. Accordingly, the cause will be dismissed without prejudice to the plaintiff to proceed in another forum. As the validity of the 4:9(c) subpoena *duces tecum* is dependent upon this Court having jurisdiction, the motion to quash such subpoena is granted.

It is not necessary or appropriate to a decision respecting the jurisdictional issue that the Court consider whether the First Amendment bars disclosure of the information sought through the 4:9(c) subpoena. *See Calder v. Jones*, 465 U.S. 783 (1984).

Assuming, without deciding, that the plaintiff may bring such an action for defamation against a "John Doe" defendant, the pleadings fail to establish the jurisdiction of a court of this Commonwealth to hear and decide such a case. Counsel have observed that a decision as to jurisdiction involves a two-step analysis. First, the Court must determine whether the allegations can be reconciled with the requirements of the Virginia Long Arm Statute. § 8.01-328.1, Code of Virginia. This inquiry must be answered in the affirmative. § 8.01-328.1(A)(3), Code of Virginia; *Krantz v. Air Line Pilots Assn., Int'l*, 245 Va. 202 (1993); *Bochan v. LaFontaine et al.* (Civil Action No. 98-1749-A, U.S. Dist. Ct., E.D. Va., 1999). As the Court noted in *Bochan, supra,*

> because publication is a required element of defamation and a *prima facie* showing has been made that the use of the USENET server in Virginia (AOL's server hardware) was integral to that publication, there is a sufficient act in Virginia to satisfy § 8.01-328.1(A)(3) [causing tortious act or omission in this Commonwealth].

*Id.* at 10, 11.

However, even though the facts as pleaded satisfy the mandate of the Virginia Long Arm Statute, they fail to satisfy the second step of the jurisdictional analysis, that is, the "minimum contacts" requirements of the Due Process Clause of the Fourteenth Amendment. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

Central to a determination of the due process issue is a finding that the maintenance of this action in Virginia "does not offend traditional notions of fair play and substantial justice." *Peninsula Cruise, Inc. v. New River Yacht Sales*, 257 Va. 315, 321 (1999). Unlike the defendant in *Peninsula Cruise*, "John Doe" does not reside in Virginia and has engaged in no commercial activity in the Commonwealth involving the plaintiff. The effects of the posting by "John Doe" are more aptly to be felt in Pennsylvania than in Virginia. *See Calder*, 465 U.S. 783. The issues raised by the alleged

defamatory materials are of peculiarly local interest to persons in Pennsylvania. There is nothing to suggest that this is anything other than "a passive Website that does little more than make information available to those who are interested in it." *TELCO Communications Group, Inc. v. An Apple A Day, Inc.*, 977 F. Supp. 404 (E.D. Va. 1997). Such a site can be readily distinguished from one that advertises or solicits business. A reasonable person would not expect to be "haled" before a Court in the Commonwealth for the publication of material that could not with any degree of foreseeability evoke a response from one of its citizens. *See Mitchell v. McGowan*, Civil Action No. 98-1026-A (E.D. Va. 1998).

In summary, the Court finds that although the plaintiff has satisfied the requirements of the Virginia Long Arm Statute, she has not alleged sufficient facts to satisfy the "minimum contacts" requirement of the Fourteenth Amendment. The posting did not target an audience in Virginia. There is no allegation that "John Doe" works, lives, or maintains any personal or business relationships in the Commonwealth. The posting did not solicit a response from persons living in the Commonwealth. Only issues of peculiarly local interest in another state were the subject of discussion. There is no commercial purpose that can be inferred from the posting. As has been noted earlier, it is aptly described as a "passive" posting which evokes no response from potential readers. The fact that America Online, a Virginia corporation with its principal place of business in Loudoun County, may offer subscribers the opportunity to engage in an open and continuous form for communication throughout the world does not, consistent with due process, open the courts of the Commonwealth to actions such as the one under consideration.

Counsel for "John Doe" have filed with the Court an affidavit purporting to have been executed by their client. This Court has seen no need to review that document in arriving at its decision in this case. The allegations contained in the pleadings do not support a claim of jurisdiction. However, the sealed envelope will remain a part of the file in this case, to be opened only at the direction of a judge or justice of a court of competent jurisdiction.