## CIRCUIT COURT OF THE CITY OF NORFOLK

Clara A. Scott

v.

Pinewood Inn
and Deluxe Carpet Cleaning

September 21, 1999

Case No. (Law) L99-269

BY JUDGE MARC JACOBSON

Clara A. Scott, by Kenneth Ray Davidson, her son and Attorney-in-Fact, (Scott) has filed a Petition to Perpetuate Testimony Before the Filing of an Action (Petition). In the Petition it is alleged that Scott is a seventy-nine year old lady and was a resident of Respondent Pinewood Inn (Pinewood) at all times pertinent to the Petition. The Petition alleges that on October 13, 1997, Scott "was caused to trip and fall" while at Pinewood. *Petition,* ¶ 5. At the time of this incident, Respondent Deluxe Carpet Cleaning (Deluxe) allegedly may have been "a principal in the petitioner, Clara A. Scott's, fall." *Petition,* ¶ 6. The Petition alleges that both Pinewood and Deluxe have declined to provide any information relative to Scott's fall. They also have declined to make those persons who allegedly have knowledge or information relative to Scott's fall available to Scott's representatives or to cooperate with Scott's attorneys or representatives.

The Petition asks this Court for an Order which would allow Scott by way of her attorneys to take the depositions of representatives of Deluxe and Pinewood for the purposes of perpetuating their testimony in accordance with Rule 4:2(a) of the Rules of the Supreme Court of Virginia. Pinewood, through counsel, has filed a motion to deny the Petition and has further moved the Court to issue a Protective Order pursuant to Rule 4:1(c) of the Rules of the

Supreme Court of Virginia prohibiting Scott and her representatives from contacting the present or former employees of Pinewood.

Rule 4:2(a) of the Rules of the Supreme Court of Virginia governs the taking of depositions before the commencement of a legal action. Rule 4:2(a)(1) states:

> A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this Commonwealth may file a verified petition in the circuit court in the county or city of the residence of any expected adverse party.

The Court has found no published opinion by a Virginia court, which specifically deals with a pre-action petition to perpetuate testimony under Rule 4:2(a).

However, in a 1962 case, the Virginia Supreme Court discussed the history and application of Rule 4:2(a)'s statutory predecessor, Va. Code § 8-317. *Dale v. Fidelity & Cas. Co. of N.Y.*, 203 Va. 665, 127 S.E.2d 153 (1962). *Dale* involved an appeal from a decree enjoining the appellant from taking the testimony of certain witnesses pursuant to § 8-317 with respect to an accident in which the appellant was injured. The appellee's bill for the injunction alleged that the appellant was not entitled to perpetuation of the witness' testimony because the appellant was not prevented from instituting an action for damages in which the matter could be investigated. Section 8-317, with wording similar to Rule 4:2(a), provided:

> A person desirous of perpetuating the testimony of witnesses as to a matter, or matters ... in respect to which there is no suit or action, may file with the court wherein, if *there were a bill to perpetuate testimony*, such bill might be filed ... a petition ... stating such matter, or matters, and what persons may be affected by the testimony .... Such court ... shall, if it appears that proper and sufficient grounds therefor exist, enter a decree or order directing that the testimony so taken be perpetuated and preserved.

Va. Code § 8-317 (repealed in 1977 by Va. Code § 8.01-420.1) (emphasis supplied). In *Dale*, the Court summarized the history and evolution of the bill in equity for the perpetuation of testimony and its eventual codification by the Virginia Code in § 8-317. In a bill in equity for the perpetuation of testimony, the petitioner had to allege that the facts relating to the testimony proposed to

be taken cannot be immediately investigated in a court of law and, in order to prevent its loss by delay, it should be taken and preserved until such an action can be brought. 203 Va. at 668, 127 S.E.2d at 155. The Court noted that the text of § 8-317 supported the notion that the underlying requirements for a proceeding to perpetuate testimony under § 8-317 were the same as those in a bill in equity for the same purpose.[1] *Id.* at 668, 127 S.E.2d 155. In ruling for the appellee, the Court stated that § 8-317 was intended as:

> a simple and inexpensive substitute for the perpetuation of testimony by a suit in equity and *may not be used for the purpose of discovery or aid to the petitioner in the preparation of his case* … . If the appellant be correct in his argument that the statutory procedure for perpetuating testimony may be used for the purpose of discovery, there was no need for the formulation and promulgation by this court of Rule 3:23 dealing specifically with that subject.[2]

203 Va. at 669, 127 S.E.2d at 155-56 (emphasis supplied).

The present Rule 4:2(a) governing pre-action petitions to perpetuate testimony is quite similar to its statutory predecessor. However, Rule 4:2(a) contains more restrictive language than § 8-317. The Rule states that testimony may be taken prior to the commencement of a suit or action "if the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice … ." Sup. Ct. Rules, 4:2(a)(3). Thus, as opposed to § 8-317, which mandated that the court find "proper and sufficient grounds" for such taking of testimony, Rule 4:2(a) seems to explicitly require a finding by the court that the pre-action perpetuation of testimony "may prevent a failure or delay of justice." This more restrictive and explicit requirement is in accord with the language and spirit of the Rule's common law and statutory ancestors. In mandating a showing that the perpetuation of testimony may

---

[1] The Court demonstrated that under § 8-317, the petition had to be filed "with a commissioner in chancery of a court wherein, if there were a bill to perpetuate the testimony, such bill might be filed." Similarly, § 8-317 required that testimony have the same effect as if it had been taken on a bill to perpetuate the testimony. Finally, the Court explained that under § 8-317, such testimony was allowed to be taken "if it appear[ed] that proper and sufficient grounds therefore exist[ed]," and that the word "grounds" referred to the common law requisites for the perpetuation of testimony. *Dale*, 203 Va. at 668, 127 S.E.2d at 155.

[2] At the time of *Dale*, Rule 3:23 governed depositions and discovery in actions at law and is the predecessor to Part Four of the Rules of the Supreme Court of Virginia, which presently governs discovery.

prevent a failure or delay of justice, the Rule assures that it not be used as a means of pre-action discovery by which a prospective party may prepare his case.

In the Petition, Scott asserts that she is presently "unable to bring the action or causes to be brought." *Petition*, ¶ 2. This assertion must be considered relative to the required showing under Rule 4:2(a) that the perpetuation of testimony may prevent a failure or delay of justice. The perpetuation of pre-action depositions as sought in the Petition would require that Pinewood and Deluxe, without a Motion for Judgment apprising them of the facts and allegations that may serve as a basis for legal action against them, be examined under oath regarding such facts and allegations. This Court finds and concludes that the suggestion or allegations that Scott would be "unable to bring the action or cause it to be brought" (*Petition*, ¶ 2) does not satisfy the requirement of the Rule that the perpetuation of testimony prevent a failure or delay of justice.

Petitioner has also alleged that Pinewood and Deluxe have refused to offer information regarding Scott's fall and, therefore, she is unable to commence a legal action. Again, this Court finds and concludes that this allegation or assertion cannot serve as a basis for pre-action perpetuation of testimony as contemplated by Rule 4:2(a). This Court cannot find as a matter of law that advice from counsel for Pinewood to abstain from offering information or giving statements by agents or representatives of Pinewood is not reasonable and prudent given the fact that there is an apparent impending legal action against Pinewood.

The Court denies the Petition for the entry of an order allowing the taking of depositions of representatives of Deluxe and Pinewood for purposes of perpetuating their testimony pursuant to Rule 4:2(a) of the Rules of the Supreme Court of Virginia.

Pinewood by way of Motion for Protective Order seeks to prohibit Scott or any representative of Scott from contacting any present or former employee or former employee of management of Pinewood. This Court does not recall the Motion for Protective Order being specifically argued nor is it referred to in Pinewood's Memorandum in Opposition to Petitioner's Motions to Perpetuate Testimony Pursuant to Rule 4:2. Accordingly, at this time, this Court declines to rule upon said Motion for Protective Order.