## CIRCUIT COURT OF LOUDOUN COUNTY

In re Petition of
Texaco, Inc.

March 14, 2000

Case No. (Law) 23163

BY JUDGE JAMES H. CHAMBLIN

This matter is before the Court on the Amended Petition for Perpetuation of Testimony filed by Texaco, Inc., pursuant to Va. Sup. Ct. Rule 4:2. After consideration of the Petition, the written opposition of America Online, Inc. (AOL), the argument of counsel on March 3, 2000, and the memoranda filed by counsel, the Petition is denied.

Texaco seeks an order pursuant to Rule 4:2 directing AOL to produce documents or, if necessary, a corporate designee for deposition testimony for the purpose of showing the identity of an AOL subscriber with a certain e-mail address. Texaco alleges in the Amended Petition, in pertinent part, the following:

1. Texaco expects to be a party to an action cognizable in a Virginia court but is presently unable to do so because the identity of the AOL subscriber using the known e-mail address is not known.

2. The subject matter of the expected action is an action against the unknown AOL subscriber for injunctive relief, for trespass, for nuisance, for unauthorized use and conversion, for intentional interference with contract, and/or for other causes of action based on an offensive, harassing, and intimidating e-mail sent by the unknown subscriber to a Texaco employee at his workplace.

3. Texaco desires documents and/or deposition testimony solely for the purpose of identifying the unknown subscriber.

4. Texaco desires the aforesaid information before the subscription is terminated and before any other events occur that may make it impossible to thereafter obtain the identity of the unknown subscriber.

5. The identity of the expected adverse party — the unknown AOL subscriber — is not known other than the e-mail address.

6. The mailing address of the unknown subscriber is not known.

7. The unknown subscriber made a tortious use of e-mail facilities in Loudoun County, Virginia, under the control of AOL.

At argument on March 3, 2000, counsel for Texaco tendered to the Court a copy of the alleged e-mail referred to above. The Court provided a copy to counsel for AOL.

Under the facts as alleged in the Amended Petition, Rule 4:2 does not provide the relief requested by Texaco. Rule 4:2 is "the exclusive procedure to perpetuate testimony" as stated in subparagraph (c) of the Rule. In order to perpetuate testimony the procedure set forth in the Rule must be followed. I do not agree with Texaco that *Dale v. Fidelity & Cas. Co. of N.Y.*, 203 Va. 665 (1962), is authority for this Court to treat a petition under Rule 4:2 as a suit in equity. The procedure established by Rule 4:2 is different from the procedure in a suit in equity. Rule 4:2 was promulgated after the decision in *Dale*. If the Supreme Court had wanted the equity rules and law to apply to petitions under Rule 4:2, then it would have explicitly said so. The procedure established by Rule 4:2 must be followed in order to perpetuate testimony.

Texaco has not shown that perpetuation of the testimony sought may prevent a failure or delay of justice. AOL has represented to this Court in its opposition and memorandum that it is preserving the business record containing the information sought by Texaco. I find no reason to place more credence in Texaco's assertions that the requested information may be lost because of a subscription termination or any other unspecified event than in AOL's representation that the business record will be preserved.

Rule 4:2(a)(1) requires that the petition be brought in the circuit court in the county or city of the residence of any expected adverse party. There is no allegation whatsoever that the expected adverse party resides in Loudoun County.

Rule 4:2(a)(1) requires that the testimony sought to be perpetuated must regard a matter cognizable in any court in the Commonwealth. The Amended Petition merely makes a conclusory allegation that Texaco expects to be a party to an action cognizable in a court of this Commonwealth without offering any facts to support the allegation. In argument and in a

memorandum, Texaco all but conceded that suit would be brought in New York. The only connection to Loudoun County in the Amended Petition is that AOL's facilities are in Loudoun County. This Court has previously ruled in *Melvin v. John Doe*, 49 Va. Cir. 257 (1999), that a Virginia court does not acquire jurisdiction merely because an actionable e-mail passed through AOL's facilities in Loudoun County, Virginia.

Rule 4:2(a)(2) requires service of notice on the expected adverse party. If Texaco cannot comply with this service requirement, then it has no relief available to it under Rule 4:2. I find no authority for the Court to waive the service requirements.

Texaco's arguments about New York law requiring a good faith effort to ascertain the unknown subscriber's identity before filing a "John Doe" lawsuit in New York is not a reason to grant the relief requested. New York law does not control Virginia law on perpetuation of testimony in a suit expected to be filed in Virginia. I feel that a New York court would look at Texaco's unsuccessful petitioning as a part, if not all, of a good faith effort to learn the identity of "John Doe."

Let counsel for AOL prepare an order denying the Amended Petition for the reasons stated herein.