## PEARL McADEN v. STATE OF FLORIDA

21 So. (2nd) 33                                    January Term, 1945

January 30, 1945                                                En Banc

Rehearing denied March 14, 1945

*Whitaker Brothers, Pat Whitaker* and *Charles F. Blake,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

CHAPMAN, C. J.:

The appellant, Pearl McAden, was indicted by a grand jury of Hillsborough County, Florida, for the unlawful killing of Charles William Vanderhorst, Jr., on the 15th day of January, 1944, in Hillsborough County. He was placed upon trial and convicted of murder in the second degree and sentenced to life imprisonment in the State Prison. He has perfected an appeal here.

The record discloses that the trial court, upon motion of the defendant below, on the 24th day of March, 1944, entered an order directing the State Attorney to furnish to the defendant, or his counsel, a complete list of all witnesses intended to be used by the State Attorney as witnesses at the trial of the case.

On April 3, 1944, counsel for the defendant below filed a motion for subpoena *duces tecum* to be directed to the Court Reporter, J. G. Nesbit, the State Attorney, Assistant State Attorney, and Special Assistant State Attorney requiring them to appear, produce and file, so as to be made available to the defendant, the transcribed testimony and stenographic notes taken at all hearings and investigations had between January 15 and February 1, 1944, concerning the killing of Vanderhorst. It was made to appear that the hearings were held in the City Hall of Tampa and the County Jail of Hillsborough County. The witnesses interrogated at said hearings were Major Stribling, Willie Williams, Pearl Sanderson, Matthew Isom and Herman Williams.

The petition for subpoena *duces tecum* sought the production, so as to be available to the defendant below, a transcript of the testimony taken at the aforesaid hearings and is described viz:

"All the shorthand notes taken down stenographically by the official court reporter of Hillsborough County, Florida, or by any of his deputy reporters between January 15 and February 1, 1944, at all hearings and investigations held and conducted into the subject-matter of the killing of Charles William Vanderhorst, Jr., in the City Hall of Tampa, Florida, or at the county jail of Hillsborough County, Florida, between January 15 and February 1, 1944, as well as all of the tran-

scriptions of said stenographic notes of said statements and testimony."

Pertinent portions of the motion for subpoena *duces tecum* are viz:

"Defendant further shows that the above cause is set for trial in the above court to begin on Wednesday, the 5th day of April, 1944, and it is of vital importance and highly material to the defense of the defendant that this official testimony herein sought be made available to him at the beginning of said trial and unless it is brought in before the court and made so available the defendant will be placed at a great disadvantage at said trial.

"Defendant further respectfully shows unto the court that he is informed and verily believes that the said witnesses, to-wit: Major Stribling, Willie Williams, Pearl Sanderson, Matthew Isom and Herman Williams, at the time of giving said testimony in said official investigation, made different statements, that is to say, each of them made entirely different material statements of fact, one of which was contradictory of the other within itself, so that each witness gave contradictory statements as to what he saw and heard, and in relation to what he knew in connection with the subject-matter here under prosecution; that it is highly material and of vital importance to the defendant that he have available this transcribed testimony and the stenographic notes thereof at the time of the trial of the above cause, so that his counsel may be able to properly cross-examine each of said witnesses above named, as well as establish the contradictory statements made by said witnesses."

Counsel for the parties were heard on the merits of the petition and thereafter the trial court on April 3, 1944, made and entered an order overruling and denying the motion for the issuance of the subpoena *duces tecum*. On this appeal it is contended that the aforesaid order denied the defendant below rights vouchsafed to him by Section 11 of the Declaration of Rights to the Constitution of Florida and was a substantial denial of due process and equal protection as guaranteed by Amendments 5, 6 and 14 of the Federal Constitution; and that the subpoena duces tecum should have issued under

the authority of State ex rel. Brown v. Dewell, 123 Fla. 785, 167 So. 687.

In the case of State ex rel. Brown v. Dewell, supra, it was made to appear that the State had produced Sam Rogers and E. F. Poulnot, who were interrogated by the prosecution during the progress of the trial of a criminal case. It was also made to appear by appropriate allegations that these witnesses gave contradictory testimony concerning the same transaction when they were before a grand jury of Hillsborough County. The testimony of the witnesses before the grand jury was taken down in shorthand by the court reporter, R. F. Johnson. Counsel for defendants in the criminal prosecution desired a transcript of the testimony of the two witnesses as given in the same transaction before the grand jury.

Subpoena *duces tecum* issued to the court reporter Johnson and in response thereto he appeared in the Criminal Court of Record of Polk County and stated that he was willing to comply with the subpoena by turning over the transcribed testimony of the two witnesses as given before the Hillsborough grand jury in the same transaction but the Honorable Robert T. Dewell, Judge of the Criminal Court of Record, held that the court reporter Johnson could not be required to turn over the transcribed testimony to the clerk for inspection and use by counsel in the cross examination of Sam Rogers and E. F. Poulot.

In a mandamus proceeding instituted in this Court against the Honorable Robert T. Dewell, Judge, we held that counsel for the defendant in the criminal suit then being tried before him was entitled under Section 11 of the Declaration of Rights of the Florida Constitution to an inspection and use in cross examination of a transcript of the testimony of the witnesses in the same transaction given before the grand jury in Hillsborough County. The court reporter had taken the testimony when the two witnesses were interrogated before the grand jury of Hillsborough County. It was not disputed that the transcript of the testimony was a part of the proceedings had before the aforesaid grand jury.

It is not here contended that the testimony of the above

named witnesses was given either before a grand jury or a magistrate, but only before the official court reporter of the Circuit Court of Hillsborough County in the presence of the State Attorney, Assistant State Attorney and Special Assistant State Attorney. It is not clear from the petition that the named witnesses appeared before the State Attorney and associates pursuant to subpoenas *ad testificandum* or that either of the witnesses were examined in the hearings after the administration of an oath.

Section 29.01, Fla. Stats. 1941 (F.S.A.), prescribes the qualifications of a court reporter for circuit judges and criminal courts of record, and each shall be appointed by and hold office at the pleasure of the Governor. Section 29.02, Fla. Stats. 1941 (F.S.A.), prescribed the duties of a court reporter. It is his duty to report the testimony and proceedings . . . in the trial of any criminal case in the circuit court and the testimony of any preliminary hearing when required so to do by the circuit judge or State attorney of that circuit and shall report . . . Sections 29.03 and 29.04, Fla. Stats. 1941 (F.S.A.), fix the compensation and salary of a court reporter. Section 29.05, Fla. Stats. 1941 (F.S.A.), makes it the duty of a court reporter to furnish the State attorney or the presiding judge a typewritten transcript of the testimony and proceedings in any criminal case.

We are not familiar with any statute or rule of law making it the duty of a State attorney or his assistants to deliver to counsel for defendant a transcript of testimony of State witnesses taken or made at a conference had or held between the State attorney and assistants and the State's witnesses, nor can counsel for defendant in a criminal case be required to deliver to the State attorney a transcript of the testimony of witnesses for the defendant made at a conference between defendant's witnesses and his counsel. Some of the authorities hold that a witness's statement made to a prosecutor and put in writing is not a public document open to defense counsel's inspection as a matter or right, although it becomes such when used before a jury. See 23 C.J.S. 426, par. 1036.

The case of Padgett v. State, 64 Fla. 389, 59 So. 946, Ann.

Cas. 1941B 897, involved a motion by the defendant to require the State attorney to furnish the defendant and his counsel the names of all witnesses for the State other than those appearing on the back of the indictment; also to require that all articles in possession of the State attorney or witnesses for the State intended to be used in evidence be placed in the hands of the clerk of the circuit court or some other officer of the court for inspection by the defendant and his attorney. The motions by the trial court were each denied and on appeal the same was held free from error.

The case of Newton v. State, 21 Fla. 53, involved a motion by the defendant for an order permitting or allowing counsel for the defendant the right of inspection of certain articles to be offered in evidence upon the trial of the cause. That said articles should be placed in the hands of the clerk of the circuit court for inspection on the part of defendant's counsel prior to trial. The State attorney by answer stated that all the articles in his possession or in possession of the State witnesses and which he intended to offer in evidence had been seen and inspected by defendant's counsel. That he intended to offer into evidence certain articles and was willing to submit the same counsel for defendant prior to offering same into evidence. The court held the proceeding was free from error. See Wharton's Criminal Evidence, Vol. 2 (11th ed.), 1354, par. 785.

In State ex rel. Brown v. Dewell, supra, we held that a transcript of the testimony of witnesses as given before a grand jury involving the same transaction about which the two witnesses testified in a case then pending before the criminal court of record should be made available to counsel for the defendants therein and used, if desired, in connection with the cross examination of the two witnesses. The discretion as exercised by the trial court during the progress of the trial with reference to certain articles of evidence in possession of the State attorney offered in evidence against defendants was affirmed by this Court in Padgett v. State, supra, and Newton v. State, supra. There is no statute in Florida applicable to the point in controversy. The order of denial here, challenged in no manner abridged the right of

cross examination of the named witnesses by appellant's counsel in the lower court, but simply denied an inspection of a transcript of the testimony taken at an interview of the named witnesses by the staff of prosecuting attorneys. The petition for subpoena *duces tecum* failed to allege that the desired transcript was a public document, but on the other hand, it was a transcript of an interview by prosecuting counsel with named State witnesses. It does not appear that appellant's counsel made an effort or took steps to privately interview these State witnesses prior to trial. It does not appear by the allegations of the motion for subpoena duces tecum (made only on information and belief and by defense counsel) just what the nature or substance of the alleged contradictory statements of the witnesses were with reference to the subject matter of the prosecution; or in what manner they were or might become material in proof or refutation of the crime charged.

Many states have enacted statutes applicable to the controversy presented. The courts of last resort of other states have ruled on similar questions in the absence of a controlling statute. Search of the authorities, independently of the briefs, has been made and the cases generally hold that defendant's counsel in a criminal case is not entitled to a transcript of testimony of State witnesses taken before a prosecuting officer preparatory to trial. See Mohler v. Commonwealth, 132 Va. 713, 111 S. E. 454; Santry v. State, 67 Wis. 65, 30 N. W. 226; State v. Yee Guck, 99 Ore. 231, 195 Pac. 363; State v. Yoeman, 112 Ohio St. 214, 147 N. E. 3; People v. Glaze, 139 Cal. 158, 72 Pac. 965; Massie v. People, 82 Colo. 205, 258 Pac. 226; People v. Schallman, 295 Ill. 560, 129 N. E. 569; State v. Jeffries, 117 Kan. 742, 232 Pac. 873; State ex rel. Robertson v. Steele, 117 Minn. 384, 135 N. W. 1128, Ann. Cas. 1913D 343, and other cases.

It is contended that the trial court committed reversible error by sustaining objections interposed by the State of Florida to questions propounded by counsel for defendant on cross examination to the State's witness, D. D. Stevens. The witness saw the appellant at the colored hospital and heard him say, "I am the man that shot him." The pistol and

cartridge were offered in evidence without objection. The matters sought to be developed on cross examination were not testified to on direct examination. We fail to find error in this contention.

It is next contended that the trial court erred in its instructions to the jury on the law of self defense because it was not authorized by Section 782.02, Fla. Stats. 1941 (F.S.A.), and our rulings in Pinder v. State, 27 Fla. 370, 8 So. 837, 26 Am. St. Rep. 75; Snellings v. State, 49 Fla. 34, 37 So. 917; Howell v. State, 66 Fla. 210, 63 So. 421, and other cases cited in appellant's brief. When the challenged instruction is considered in connection with all other instructions given applicable to the point in controversy, it cannot be said that reversible error has been made to appear.

The judgment appealed from is hereby affirmed.

BROWN, THOMAS and SEBRING, JJ., concur.

TERRELL, BUFORD and ADAMS, JJ., dissent.

TERRELL, J., dissenting:

The appellant was indicted for murder in the first degree and on trial was convicted of murder in the second degree.

Two days before the trial, appellant moved the circuit court for a subpoena duces tecum directed to the court reporter and his assistants, the State attorney and his assistants to the State requiring them to file with the clerk of the circuit court the transcribed testimony and stenographic notes containing the testimony of named witnesses who appeared before them at the city hall and testified. The motion alleges that it was necessary for appellant to have access to this testimony to prepare his defense and to impeach said witnesses because of the contradictory nature of the testimony given by them.

It is contended by the appellant that the denial of this motion amounted to the denial of due process and equal protection as guaranteed by Section 11 of the Declaration of Rights and Amendments V, VI, and XIV of the Federal Constitution.

A similar question was presented to and considered by this Court in State ex rel. Brown v. Dewell, 123 Fla. 785, 167

So. 687, wherein we held that the defense was entitled to have the evidence before the grand jury turned over to the clerk for his (defendant's) inspection. I think the case at bar is ruled by and should be reversed on authority of that one.

I therefore dissent and am authorized to say that Mr. Justice BUFORD and Mr. Justice ADAMS concur in this dissent.

BUFORD and ADAMS, JJ., concur.