88 So.2d 280 (1956)
Joseph Lester EZZELL, Appellant,
v.
STATE of Florida, Appellee.
Supreme Court of Florida, En Banc.
April 4, 1956.
Rehearing Denied June 7, 1956.
*281 Boone & Swanson, Jacksonville, for appellant.
Richard W. Ervin, Atty. Gen., Moie J.L. Tendrich and Joseph P. Manners, Asst. Attys. Gen., and William A. Hallowes, III, State Atty., Jacksonville, for appellee.
TERRELL, Justice.
Appellant was indicted, tried and convicted for murder in the first degree in Duval County, he was so adjudged by the trial court and the extreme penalty was imposed. A new trial was denied and the defendant has appealed.
Appellant pretermits any question as to sufficiency of the evidence to support the verdict and judgment but to reverse the trial court he relies on technical objections to physical and other evidence, the admission of his confession and whether or not error was committed in excluding the evidence of Dr. M.C. Moore, an expert witness.
The first question presented has to do with whether or not one charged with murder in the first degree pursuant to F.S. § 909.18, F.S.A., can, prior to trial, require the state to produce all the evidence in its possession, including ballistic reports, fingerprint reports and transcript of oral confessions. The answer to this question was concluded against the contention of appellant in McAden v. State, 155 Fla. 523, 21 So.2d 33, and Williams v. State, 143 Fla. 826, 197 So. 562. As to the ballistic reports, it is pertinent to point out that they were made by the Federal Bureau of Investigation and were nothing more than an outline of testimony the examiner could give at the trial. The name of the Special Agent was furnished to the appellant. The state was ordered to produce all bullets and weapons for inspection for the appellant. As to the fingerprints, none were lifted from the pistol that was introduced in evidence. There were some fingerprints of defendant lifted from the automobile in which deceased was killed; they were ordered to be produced for inspection by appellant. Defendant now moves that the state attorney be required to make further fingerprints to show that those on the gun were those of the deceased. There was no basis for this request and it was properly denied.
It is next contended that a complete list of witnesses used by the state was not furnished appellant as required by the order of the trial court. The record discloses that the names of a substantial number of the witnesses to be used by the state were furnished counsel for appellant 48 days before the trial. Subsequently a first and second supplemental list of witnesses were furnished. The last supplemental list containing four names was furnished on January 21, 1955, and the trial commenced on January 24, 1955. Only one of the four named witnesses was used at trial. On the morning of the trial, the name of an additional witness, a police officer from Delray Beach, Florida, was furnished to counsel for appellant. Counsel for appellant was advised of the witness' presence and given an opportunity to interview him. This witness was not used until the fourth day of the trial. Shields v. State, Fla. 1953, 64 So.2d 271, appears to be a complete refutation of this question.
The next question has to do with the admission in evidence of defendant's confession made at the time he was brought before the magistrate at the preliminary hearing September 24, 1954.
This objection is based on F.S. § 902.01, F.S.A., which requires that when one is brought before a committing magistrate on any charge the magistrate shall advise him of the charge, of his right to counsel, of his right to waive examination and that he may refuse to testify if he so desires. *282 It appears from the record that the magistrate and the state attorney were present when defendant appeared for preliminary hearing but that the state attorney informed defendant of his rights under the cited statute. It is shown that the information given defendant by the state attorney met every requirement of the statute; he was fully advised of his rights in the premises so any error that was committed was technical and was harmless.
It is next contended that it was error to introduce in evidence the garments worn by deceased at the time she was murdered.
The deceased was in a restaurant, Steve's Truck Stop, shortly before she was killed. Several witnesses saw her there, they did not know her, but did remember show she was dressed and so testified. There was no error. Cruce v. State, 87 Fla. 406, 100 So. 264; Browne v. State, 92 Fla. 699, 109 So. 811; Deeb v. State, 131 Fla. 362, 179 So. 894.
It is last contended that the trial court committed error in excluding testimony of the expert witness, Dr. M.C. Moore, for defendant.
Dr. Moore was a psychiatrist and examined defendant by request prior to the trial. He was not appointed or called by the court at the trial. At the time of arraignment defendant entered a plea of insanity but later withdrew it and notified the court that insanity would not be relied on as a defense. The purpose of the rejected testimony was to prove that defendant had a psychopathic personality so severe as to show lack of intent to commit first degree murder. Since the plea of insanity was out and there was no defense based on mental defects less than insanity, there was no reason for Dr. Moore's testimony or to labor the question. Neither do we find in this case any reason to discuss the M'Naghten Case, 10 Cl. & Fin. 200, 8 Eng. Rep. 718, sometime known as the rightwrong test for insanity and long followed in this state but now being supplanted in some states by the doctrine of Durham v. United States, 94 U.S.App.D.C. 228, 214 F.2d 862, 45 A.L.R.2d 1430. What was once known as the "wild beast" test, Rex v. Arnold, 16 Howard State Trials 695, 764, has also been relied on to escape punishment for crime but it has no place here. Much is said in the briefs and record about defendant's addiction to alcohol but there is no conclusive showing that he was under the influence of liquor at the time he committed the murder involved here. There was testimony that indicated defendant was not under the influence. The court properly charged the jury as to intoxication as a defense to murder.
We have examined and considered the record in this case in the light of briefs filed and have also, pursuant to sub-paragraph 2 of Section 924.32, Florida Statutes 1951, F.S.A., reviewed the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence does not reveal that the ends of justice require a new trial to be awarded.
Affirmed.
DREW, C.J., and THOMAS, HOBSON, ROBERTS, THORNAL and O'CONNELL, JJ., concur.