186 So.2d 324 (1966)
The STATE of Florida, Petitioner,
v.
Marvin Lewis McCall, Respondent.
No. 66-245.
District Court of Appeal of Florida. Third District.
May 17, 1966.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., for petitioner.
James J. Hogan, Miami Beach, for respondent.
Before HENDRY, C.J., and PEARSON and SWANN, JJ.
PER CURIAM.
Upon petition for common law certiorari the petitioner seeks review of an order of the Honorable Hal P. Dekle as Circuit Judge ordering the state to produce for respondent's inspection and copying all transcribed statements in the possession of the state of witnesses whom the state intends to call at the trial or who have given transcribed statements pertaining to the trial wherein the respondent is charged with rape. We find that the remedy by appeal would be inadequate, grant certiorari and quash the order.
The respondent has stated in his brief that his reason for asking for production of these statements was to effectively prepare for trial and discover any possibility of the state having interviewed witnesses under oath who would cast doubt upon the credibility of the victim and her brother's testimony. Respondent contends that refusal to supply the statements violates his right to the effective assistance of counsel in preparation for trial and that the suppression *325 of evidence favorable to him violates due process.[1]
In McAden v. State, 155 Fla. 523, 529, 21 So.2d 33, 36 (1945), our Supreme Court found from a review of the authorities that in the absence of a controlling statute the cases generally hold that the defendant's counsel is not entitled to a transcript of the testimony of state witnesses taken before a prosecuting officer preparatory to trial. The Second District in State v. Lampp, Fla.App. 1963, 155 So.2d 10, 12, stated that "Unless introduced by appropriate legislation, the doctrine of discovery is a complete and utter stranger to criminal proceedings."
Section 909.18, Fla. Stat., F.S.A., which was transferred to § 925.04, Fla. Stat., F.S.A., provides that when a crime has been committed and the evidence of the state relates to certain enumerated items of tangible property, the trial court may order that the prosecution furnish said items for inspection, copying or photographing by the accused. However, this statute does not apply to oral confessions of the defendant or to a transcript of testimony of state witnesses,[2] or to material which cannot be considered substantive evidence but is clearly the work product of the prosecuting attorney.[3] The Legislature in 1963, enacted what is now § 925.05, Fla. Stat., F.S.A. which requires that the prosecution permit the defense to inspect and copy written or recorded statements or confessions whether signed or unsigned by the defendant.
The attorney general in an opinion[4] concerning § 925.05, supra, concluded that the statements and confessions used in the above section are limited to those made by the defendant. Following this, the Second District found that "neither the legislature nor the Supreme Court has seen fit to enact a statute or adopt a rule of court granting criminal defendants the additional right to inspect prior to trial statements given by prospective witnesses for the state."[5] Although that court doubted whether a trial court has authority, power or jurisdiction to grant or enforce relief of the kind sought in this case under any circumstances it left the question open, stating "for if the power exists at all, this case is not within it."[6]
Respondent's motion for production of statements is a general demand for production, inspection and copying as a matter of right and contains no allegation that his is an exceptional case or there are unusual circumstances which demand production.
We have, therefore, determined that the facts of this case are not sufficient to justify an exception to the rule that statements of witnesses are not ordinarily the proper subject of discovery and conclude that the order in question departs so far from the established practice and the public policy of this state that certiorari is granted and the subject order is quashed.[7]
PEARSON, J., dissents.
NOTES
[1] Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215.
[2] Raulerson v. State, Fla. 1958, 102 So.2d 281, 283; Ezzell v. State, Fla. 1956, 88 So.2d 280; McAden v. State, 155 Fla. 523, 21 So.2d 33 (1945); Williams v. State, 143 Fla. 826, 197 So. 562 (1940).
[3] Peel v. State, Fla.App. 1963, 154 So.2d 910, 913.
[4] 1964 Op.Atty.Gen. 064-16, February 4, 1964.
[5] State v. Shouse, Fla.App. 1965, 177 So.2d 724, 730.
[6] Id.
[7] State v. Shouse, supra, note 5; State v. Lampp, Fla.App. 1963, 155 So.2d 10.