CHARLES CARROLL, Chief Judge.
The appellant was informed against, tried before the court and found and adjudged guilty of breaking and entering an automobile and of petit larceny. On the former offense he was sentenced to imprisonment for five years and on the latter offense was sentenced to the time previously served.
The question presented on appeal is whether error was committed by the court in receiving in evidence an incriminating statement of the defendant made to the police following his arrest.
The record discloses that upon responding to a call a police officer came upon the defendant and a juvenile in the front seat of an automobile. The window on the left side of the car had been broken. The defendant was holding a car radio and the other person was holding a screwdriver and wrench. The owner of the car arrived at the scene and informed the officer that the car had been locked. The officer asked the defendant and the juvenile their names and then informed them they were under arrest for breaking and entering an automobile. Thereupon the officer adequately warned the defendant of his constitutional rights against self-incrimination and to the aid of an attorney. Without further interrogation from the officer the defendant volunteered a statement to the effect that he had taken the radio and asked the officer whether he would be permitted to go if he put it back. The Miranda decision (384 U.S. 346, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694, 726) held that “volunteered statements of any kind” are not barred by the Fifth Amendment and that their admissibility is not affected by that case. The statement involved in this instance was not the result of in-custodial interrogation but was a volunteered statement as above referred to.
For the reasons stated the trial court was eminently correct in allowing the defendant’s statement in evidence, and the judgment appealed from is affirmed.
Affirmed.