208 So.2d 859 (1968)
Charles ADJMI, Appellant,
v.
The STATE of Florida, Appellee.
No. 66-873.
District Court of Appeal of Florida. Third District.
April 9, 1968.
Rehearing Denied May 1, 1968.
*860 H.I. Fischbach, Podhurst & Orseck, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before CHARLES CARROLL, C.J., and PEARSON and HENDRY, JJ.
PEARSON, Judge.
The appellant, Charles Adjmi, was tried before the court without a jury upon an information charging grand larceny. He was adjudged guilty and sentenced to imprisonment at hard labor in the State penitentiary for a term of five years. This appeal is from that judgment and sentence.[1] We affirm.
The appellant has presented four points upon appeal. The first of these urges the trial court committed error in denying defendant's motions for directed verdicts. This point is essentially an argument that the weight of the evidence was not sufficient to establish appellant's guilt beyond a reasonable doubt as required by law.
In a trial before a court, without a jury, as here, the law is well-settled; the credibility of witnesses and the weight of their testimony are questions for the determination of the judge, whose function it is to draw all reasonable deductions from the evidence. In such cases, the judge is in a position to evaluate the testimony and discard that which is improper or which has little or no evidentiary value. See Eizenman v. State, Fla.App. 1961, 132 So.2d 763; Spataro v. State, Fla.App. 1965, 179 So.2d 873.
The facts of this case reveal evidence which, if believed by the trier of fact, established an elaborate scheme by which the prosecutrix, who was an elderly woman, was led like a child through various theatrically staged situations so she would deliver, to the appellant and others, a large sum of money. There is absolutely no doubt from the evidence of appellant's participation and that the scheme was conceived and carried out solely for the purpose of the larceny which was accomplished. We think the evidence is clearly sufficient to sustain the judgment. Cf. Smith v. State, 74 Fla. 594, 77 So. 274 (1917).
Appellant's second point urges the court erred in admitting testimony as to unsolicited incriminating statements made by the appellant to another person, who subsequently testified at the trial. It is urged that because the witness was employed by the State Attorney's office, the statements were inadmissible under the holdings of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Collins v. State, Fla.App. 1967, 197 So.2d 574; Williams v. State, Fla.App. 1966, 188 So.2d 320. It appears from the record that the witness, John R. Walsh, was employed by the State Attorney's office to help in accounting investigation; that the appellant sought out the witness for his own purposes and that the appellant asked the witness to intervene in his behalf in an attempt to escape prosecution. The appellant further proposed that the witness act as an intermediary in a restitution attempt. The appellant approached the witness with full knowledge of his employment by the State Attorney's office and, with knowledge of this fact, sought to use the witness as an intermediary for purposes of his own. Under these circumstances, the admonitions against in custody interrogations contained in the cases relied upon are not applicable. *861 Cf. Anderson v. State, Fla.App. 1968, 207 So.2d 518 [opinion filed March 5, 1968]. See also Montgomery v. State, Fla. 1965, 176 So.2d 331; State v. Outten, Fla. 1968, 206 So.2d 392; Biglow v. State, Fla.App. 1967, 205 So.2d 547.
Appellant's third point urges the trial judge committed error in failing to direct a verdict for the appellant at the close of the State's case in chief because the evidence revealed the prosecution was barred by the statute of limitations. We think the law on this point has been adequately dealt with in our opinion of State v. Adjmi, Fla. App. 1964, 170 So.2d 340. It is not necessary to restate the facts upon which that opinion rests, but it is sufficient to point out that after outlining the history of this case in the trial and appellate courts upon the present charge, we held it sufficiently appeared that the subsequent ten informations were in continuation of the original cause. A review of the record shows this fact still appears.
Appellant's fourth point is as follows:
"The trial court committed error in not requiring the State Attorney to produce all prior statements of the prosecutrix concerning the case on trial for use in her cross examination and impeachment, in not affording the defense complete access to such of her statements as the State did produce thereby preventing the defense from assessing and utilizing them in their entirety for cross examination and impeachment, and in restricting the defense to the use of only designated portions of such statements after the trial court examined them in camera."
It should be noted that appellant does not object upon the basis that he was not allowed to examine particular statements of the witness given to the prosecuting attorney, but rather, that the State was not required to produce "all statements, memoranda or other documents furnished or secured from the witness." Appellant relies upon Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).
The courts in Florida have held that the defendant in a criminal case is not entitled to inspect (whether before or during trial) the statements of a prosecution witness which were taken by a prosecuting officer in preparation for trial, whether or not such statements are sought for the purpose of cross-examination or impeachment. McAden v. State, 155 Fla. 523, 21 So.2d 33 (1945), cert. den., 326 U.S. 723, 66 S.Ct. 28, 90 L.Ed. 429.
In Jackman v. State, Fla.App. 1962, 140 So.2d 627, the court rejected the defendant's contention that the trial court committed error in denying his motion to produce statements made by witnesses to the prosecuting attorney and his investigators. The court relied on the rule that a defendant is not entitled to transcript of statements made by prosecution witnesses in the course of preparation for trial unless they were taken before a magistrate or are used by the prosecution at trial.
In Bedami v. State, Fla.App. 1959, 112 So.2d 284, it was held that the defendant's application, made during trial for a subpoena duces tecum to compel the production of the stenographic notes and transcription of a statement previously made by a prosecution witness to the county solicitor, was properly denied. The ruling of the trial court was held to be correct notwithstanding the defendant's contention that he had learned independently of possible inconsistencies between the testimony sought for production and the testimony given at trial; that the production and inspection of the statement were essential to administration of justice; and that the defendant might be enabled to properly cross-examine the witness and lay the proper predicate for impeachment of the witness. The court further held the statements of witnesses taken before the solicitor of a criminal court of record, as in the present case, are not official documents, *862 but in effect the work product of the officer. See also Raulerson v. State, Fla. 1958, 102 So.2d 281; Ezzell v. State, Fla. 1956, 88 So.2d 280; Coco v. State, Fla. 1953, 62 So.2d 892; Williams v. State, 143 Fla. 826, 197 So. 562 (1940); State v. Shouse, Fla.App. 1965, 177 So.2d 724, 730; Urga v. State, Fla.App. 1958, 104 So.2d 43.
Appellant's last point urges error upon the denial of defendant's motion for new trial. No ground for reversal, not already discussed, is presented under this point.
Having reviewed the record in the light of appellant's brief and argument, and finding error has not been demonstrated, the judgment and sentence are affirmed.
Affirmed.
NOTES
[1] See also Adjmi v. State, Fla.App. 1962, 139 So.2d 179; Adjmi v. State, Fla. 1963, 154 So.2d 812; State v. Adjmi, Fla.App. 1964, 170 So.2d 340.