CARROLL, DONALD K., Acting Chief Judge.
The State of Florida has petitioned for a writ of certiorari to review an interlocutory order entered by the Circuit Court for Marion County requiring the State to furnish to the respondent, the defendant in criminal case, copies of certain evidentiary materials prior to the trial.
The question presented for our determination in these proceedings is whether the court, under the applicable law, correctly required the State to furnish the said copies.
The defendant was charged by information with the crime of making and uttering-a worthless check. This information was based upon an affidavit of one Robert Earl Beam charging the defendant with making and uttering a worthless check dated June 15, 1967, to the Beam Trading Company in the sum of $4,000.
Thereafter, the defendant filed six motions which are disposed of in the order to which these certiorari proceedings' are addressed.
In the said order the court requires the State to provide not only copies of all checks that have been passed between the defendant and the said Beam but also these passed between the defendant and Beam’s wife, Eunice; and requires the *752 making available for copying all notes made by the State of interviews with witnesses, and all written, stenographically recorded, or otherwise recorded notes in the possession of the State.
The basic contention of the State in these proceedings is thus stated in its brief : “It is respectfully suggested that the order would have been appropriate if it had been more limited in scope and had ordered the State to produce the following: (1) All checks passing between the defendant and the complainant, R. E. Beam, prior to June 15, 1967, the date of the check giving rise to this proceedings. (2) Statements or alleged confessions of the defendant, Del-phia Inez O’Steen, whether signed or unsigned and whether written, stenograph-ically recorded or otherwise recorded.”
To go beyond this point, continues the State in its brief, “as the subject order does is to invade the work product of the State Attorney in preparation for trial, to open the scope of the fishing "expedition on the part of the defendant far beyond anything reasonably calculated to assist in the orderly administration of justice, and sets a dangerous and unworkable precedence that will add an intolerable burden to an already burdened State charged with prosecuting those charged with crime.”
In support of its position the State cites and relies upon two decisions of our sister district courts of appeal: State v. Shouse, 177 So.2d 724 (Fla.App.2nd, 1965) and State v. McCall, 186 So.2d 324 (Fla.App.3rd, 1966).
In State v. Shouse, supra, the trial court entered an order which in part required the State to permit the inspection and copying of all sworn statements of persons whom the State intended to use as witnesses at the trial. The Second District Court of Appeal granted certiorari and quashed that part of the order. The appellate court’s rationale for this conclusion was set forth as follows:
“In 1963 the legislature made a defendant’s statement or confession, previously not subject to inspection under the Williams case, discoverable on motion made prior to trial. However, neither the legislature nor the Supreme Court has seen fit to enact a statute or adopt a rule of court granting criminal defendants the additional right to inspect prior to trial statements given by prospective witnesses for the state. The common law on the subject and the constitutional and policy considerations involved have been fully explored and need not be repeated here. Some of the authorities raise doubt in our minds whether, in the absence of a statute or rule of court, a trial court has authority, power or jurisdiction to grant or enforce relief of this kind in any case. ‘We leave the question open, for if the power exists at all this case is not with it.’ Assuming, arguendo, that statements of prosecution witnesses may be required to be produced in advance of testimony in exceptional cases or under unusual circumstances, no such showing was made here; there was only a naked, general demand for production and inspection as a matter of right and for purposes not disclosed by the record. Since statements of witnesses are not ordinarily the proper subject of discovery, this is insufficient to justify an exception to the rule and warrants relief by certiorari.”
Similarly, in the case at bar the defendant failed to show the existence of exceptional or unusual circumstances that would justify the order in question here.
In the case of State v. McCall, supra, the State filed a petition for writ of certio-rari in the Third District Court of Appeal to review an order of the trial court requiring the State to produce for the defendant’s inspection and copying all transcribed statements in the State’s possession of witnesses whom the State intended to call at the defendant’s trial. The appellate court held that the reasons given by the defendant for such discovery were insufficient to come within the exception to the rule that statements of prosecution wit *753 nesses are not ordinarily proper subjects for discovery. The court then granted certiorari and quashed the said order. In reaching this conclusion the Third District Court of Appeal relied upon the following decisions:
“In McAden v. State, 155 Fla. 523, 529, 21 So.2d 33, 36 (1945), our Supreme Court found from a review of the authorities that in the absence of a controlling statute the cases generally hold that the defendant’s counsel is not entitled to a transcript of the testimony of state witnesses taken before a prosecuting officer preparatory to trial. The Second District in State v. Lampp, Fla.App.1963, 155 So.2d 10, 12, stated that ‘Unless introduced by appropriate legislation, the doctrine of discovery is a complete and utter stranger to criminal proceedings.’ ”
Section 3 of Article V of the Constitution of Florida provides: “The practice and procedure in all courts shall be governed by rules adopted by the supreme court.”
Pursuant to that exclusive authority the Supreme Court of Florida has adopted the Florida Rules of Criminal Procedure, Rule 1.220, 33 F.S.A. thereof relating to discovery in criminal prosecutions. These rules became effective after midnight of December 31, 1967, which was long after the entry of the subject order, and so those rules do not apply here.
While the defendant cites in his brief a number of federal decisions that seem contrary to the Florida decisions mentioned above, we think that the question is primarily a matter of state adjudication, and we therefore follow the said Florida decisions.
We conclude that the part of the order which we here review is not authorized by the applicable rules. We are inclined to the view that, if the order were altered to require only that which the State contends in its brief would be appropriate, the order would meet the requirements of the rules, construed most liberally in the interest of justice and fair trial.
For the foregoing reasons, the State’s petition for writ of certiorari is granted and that part of the said order in question here is quashed, and the cause is remanded for further proceedings consistent herewith.
Certiorari granted and part of order quashed.
RAWLS and JOHNSON, JJ., concur.