227 So.2d 253 (1969)
STATE of Florida, Petitioner,
v.
Richard Eugene WILLIAMS and William L. Williams, Respondents.
No. 69-210.
District Court of Appeal of Florida. Second District.
October 3, 1969.
Rehearing Denied November 5, 1969.
*254 Frank Schaub, State Atty., Bradenton, J. Blan Taylor, Asst. State Atty., Naples, and *255 LeRoy Hill, Asst. State Atty., Punta Gorda, for petitioner.
William N. Avera, Gainesville, for respondent William L. Williams.
C. Harris Dittmar, Jacksonville, for respondent Richard Eugene Williams.
LILES, Acting Chief Judge.
Respondents, defendants below, were arraigned and entered pleas of not guilty to an indictment charging defendant Richard Eugene Williams with first degree murder, second degree arson and conspiracy to commit arson, and defendant William L. Williams with conspiracy to commit arson. Respondents then filed motions to grant certain items of discovery, but the trial court deferred argument on these motions. Thereafter, on February 11, 1969, upon hearing argument of counsel, the court entered an order compelling the State, inter alia, to produce for defendants' inspection "* * * any written or recorded statements, memorandum [sic] or summaries of oral statements by any person to any agent of the state in their possession." This order was filed with the Clerk of the Circuit Court on March 11, 1969. The State petitioned for a rehearing on the order granting the above portion of respondents' motion and after lengthy discussion the petition for rehearing was denied. The State then petitioned for a common law writ of certiorari requesting this Court to quash the portion of the order of the Circuit Court set forth above. Respondents have filed in this court a motion to quash or dismiss the State's petition for certiorari, which was deferred until consideration on the merits.

I.

MOTION OF RESPONDENTS TO QUASH OR DISMISS THE PETITION FOR COMMON LAW WRIT OF CERTIORARI
In support of their motion to quash or dismiss the common law writ of certiorari respondents first urge that this court lacks jurisdiction to entertain the petition because it was not filed within thirty days from rendition of the order sought to be reviewed as provided by Rule 4.5, subd. c(1), F.A.R., 32 F.S.A. This order, though entered on February 11, 1969, was filed on March 11, 1969. The latter date is clearly the crucial date for timely filing under Rule 1.3, F.A.R. The record shows that the petition was filed in this court on April 9, 1969, well within the thirty day period, and was thus timely filed.
Respondents also urge that the petition be dismissed because it shows on its face that it was not accompanied by a certified transcript of the record of the proceedings sought to be reviewed and because no copy of the transcript was served on respondents' attorneys as required by Rule 4.5, subd. c(1) and (2), F.A.R. However, a certified transcript of the record of the proceedings in fact accompanied the petition upon completion of the record, and thus there was substantial compliance with Rule 4.5, subd. c(1). While respondents complain in their brief that they have not been served with a copy of the transcript, no prejudice or hardship has been alleged or demonstrated in this regard; and references made in their brief on the merits to the transcript of the record of the proceedings below militates against any inference of lack of access to the transcript. The requirements of Rule 4.5, subd. c(2) are not jurisdictional, and technical violations may be excused within the sound discretion of this court. See Russom v. State, Fla. 1959, 109 So.2d 30, 31. We now exercise that discretion in finding sufficient justification in the above facts for excusing this violation.

II.

CONSIDERATION OF THE MERITS
Petitioner sets forth the following reasons why this court should grant certiorari and quash the order sought to be reviewed: (1) *256 since the order is not authorized by statute or the Florida Rules of Criminal Procedure it is not permissible; (2) the order invades the work product of the prosecuting attorney, which is inviolate under Florida law; (3) the order is not authorized under Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and its progeny, as these cases are, or should be, concerned only with post-conviction relief and not pretrial discovery. These points will be considered in inverse order.
In State v. Drayton, Fla.App. 1969, 226 So.2d 469, opinion filed August 27, 1969, after giving full consideration to the constitutional right of an accused under the Brady decision, we held that while an accused has a constitutionally protected right to have the prosecution disclose to him favorable evidence material either to guilt or to punishment with adequate time allowed to utilize it fully, he has no specific right under the Constitution to examine such evidence prior to trial. In the circumstances of the Drayton case, we found that after a predicate had been established by the accused bringing a discovery motion above the level of a "fishing expedition," an in camera inspection to determine whether certain grand jury testimony fell within the purview of the Brady rule was appropriate. Respondents rely on Dennis v. United States, 1966, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, for the proposition that an accused is entitled to be the sole judge of the applicability of the Brady rule to the evidence sought to be discovered. Based on that case, respondents argue that the order of the trial court directing the State to produce for defendants' inspection "* * * any written or recorded statements, memorandum [sic] or summaries of oral statements by any person to an agent of the state in their possession" without requiring a predicate or in camera inspection was proper. We cannot agree.
Dennis is rather difficult to decipher in terms of the Brady rule, since Brady was neither cited nor argued in the case or the briefs filed. Dennis does delineate the outer limits of discovery of grand jury testimony under the Federal Rules of Criminal Procedure  if there is a showing of a particularized need, defense counsel may have direct access to relevant portions of the grand jury testimony of a trial witness while these witnesses are still available for cross-examination. But Dennis does not decide the broader question of whether, under Brady, there is a right to inspect evidence favorable to an accused without a proper predicate being established. In addition, Dennis cannot be used in support of a right to pretrial discovery, as the holding of the case is focused exclusively on the trial setting. The constitutional bases of the two cases are also distinguishable since Dennis is concerned, at least indirectly, with the right of confrontation established by the Sixth Amendment of the United States Constitution and Brady is bottomed on the Due Process Clause of the Fourteenth Amendment. In this light our conclusion in State v. Drayton, supra 226 So.2d, at p. 473, must stand: "As yet, no federal or state case has concluded that Brady and the Fourteenth Amendment necessitate pretrial disclosure of evidence favorable to the accused without some predicate first being established."
Since it cannot be said that the United States Constitution offers support for the order of the trial judge here at issue, there remains the question of whether requiring predicate to be laid prior to pretrial disclosure of evidence favorable to the accused is proper under applicable Florida law. Florida cases have evolved a work product rule for criminal trials, which states that an accused is not entitled to a transcript of a statement of the State's witnesses taken by the prosecution in the course of preparation of the trial unless it was taken before a magistrate or used by the prosecution at trial. Manon v. State, Fla.App. 1969, 220 So.2d 34, 36. This has not always been the rule in Florida, and its history is somewhat varied. See Padgett v. State, 1912, 64 Fla. 389, 59 So. 946, 947; *257 State ex rel. Brown v. Dewell, 1936, 123 Fla. 785, 167 So. 687; McAden v. State, 1945, 155 Fla. 523, 21 So.2d 33. Nor is this rule without exceptions. In State v. Shouse, Fla.App. 1965, 177 So.2d 724, this court recognized that a showing of unusual circumstances may justify lifting the rule to allow pretrial inspection of statements given by prospective witnesses for the State. See also State v. O'Steen, Fla.App. 1968, 213 So.2d 751, 752; State v. McCall, Fla.App. 1966, 186 So.2d 324, 325; Note, Discovery in Criminal Proceedings, 1960, 13 U.Fla.L.Rev. 242, 248. Although the point has not been previously decided by our courts, a proceeding based on a proper request of an accused for a determination of his rights under the Brady rule appears to us to be a sufficiently unusual circumstance or exceptional case to justify a departure from the general rule regarding the prosecutor's work product. This should be especially true in light of the affirmative duty of the prosecution to disclose evidence favorable to an accused, a duty existing independently of a court order. Barbee v. Warden, 4th Cir.1964, 331 F.2d 842. See United States v. Frazier, 4th Cir.1968, 394 F.2d 258.
As to the elements of a proper request or motion for an in camera inspection prior to trial of the statements of witnesses taken by the State to determine whether such statements come within the scope of the Brady rule, we think an accused must show at a minimum: (1) cause to believe that the State possesses evidence materially favorable to the issue of guilt or punishment that it had refused to reveal to an accused upon request; (2) that this evidence cannot be obtained through utilization of appropriate portions of the Florida Rules of Criminal Procedure or applicable statutes. Requests for discovery of such evidence should not anticipate the prosecutor's "[combing] his file for bits and pieces of evidence which conceivably could be favorable to the defense." North American Rockwell Corp. v. N.L.R.B., 10th Cir.1968, 389 F.2d 866, 873. Nor should such motions anticipate disclosure of written or otherwise recorded communications of the State that concern a theory of the case, an impression of a witness, or other subjective material. See United States v. Westmoreland, S.D.Ind. 1967, 41 F.R.D. 419. But if the proper predicate is laid then the court may grant pretrial disclosure of evidence favorable to the accused.
In the case before us no predicate whatsoever was established for respondents' motion for discovery and no justification for the order issued pursuant to respondents' motion was given other than that it was appropriate since the case involved a felony punishable by death. This is clearly insufficient in light of the criteria set forth above for applications of the Brady rule.
Respondents offer one additional argument for dismissing the State's petition. It is urged that the State's attempted use of common law certiorari to appeal an interlocutory criminal order violates the legislative intent behind Fla. Stat. § 924.071, 1967, in that its enumeration of the instances the State may appeal from adverse decisions prior to trial was meant to be exclusive; and further that this interlocutory procedure effectuates a denial of respondents' right to a speedy trial. Our Supreme Court has interpreted Fla. Stat. 1967, § 924.07, F.S.A., to which § 924.071 is clearly supplementary, to deal only with direct appeals and has no effect on common law or constitutional certiorari. State v. Harris, Fla. 1962, 136 So.2d 633, 634, 91 A.L.R.2d 1088. As to respondents' right to a speedy trial being violated by such interlocutory procedure, respondents cite Will v. United States, 1967, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305. This case is authority only for a general federal policy against piecemeal appeals in criminal cases, and is advisory rather than mandatory. We are therefore unable to find merit in either of these contentions.
*258 For the foregoing reasons we grant the petition for a common law writ of certiorari, quash the portion of the trial court's order here in issue, and remand the cause for further proceedings consistent with this opinion.
MANN and McNULTY, JJ., concur.