LILES, Acting Chief Judge.
Appellant, Edward Dixon, was charged with the crime of murder in the first degree. Following a jury trial, he was found guilty of murder in the second degree and sentenced to the State penitentiary for the remainder of his natural life.
Prior to the trial of this cause, defendant’s attorney filed various motions pursuant to the rules of discovery, including the following: Motion for a witness list; motion for a complete and detailed report of any and all prospective jurors; motion for exchange of witness list; motion suggesting insanity; motion to appoint investigator; motion for production of State’s evidence and motion for production of statements or confessions and grand jury testimony.
Following a hearing the trial judge granted his motion suggesting insanity and appointed a psychiatrist to examine the appellant. He also granted the motion to appoint an investigator and the same was appointed. He granted the motion for written or recorded statements or confessions, defendant’s recorded testimony before the grand jury and any exculpatory statements made by the defendant which were in the possession of the State. He denied that part of the motion asking for statements of any prospective witnesses; but he granted defendant’s motion for exchange of witness list and denied defendant’s motion for a copy of a complete and detailed report of any and all prospective jurors. He required the State to furnish to the defendant a list of the witnesses to be used at the trial of this cause.
The defendant now complains that it was error for the trial judge to deny defendant’s motion to produce statements made by. prospective witnesses to officers of the City of Tampa Police Department and to deny defendant’s motion for a copy of an investigative report relating to prospective jurors. An examination of the record *206 shows that the trial judge fully complied with the rules of discovery in criminal proceedings and the case law as enunciated by the appellate courts. A list of the witnesses was provided to the defendant. An investigator was appointed and the defendant could have easily, and quite possibly may have, investigated the prospective juror list. A list of the witnesses was furnished and defendant’s counsel with the help of his investigator could certainly have deposed these witnesses.
We can find nothing in the record or the briefs to support a denial of defendant’s constitutional right to a fair trial. The judge’s actions comport with the law enunciated in Florida Rules of Criminal Procedure and the case law enunciated by the United States Supreme Court in Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, and by this court in State v. Williams, Fla.App.1969, 227 So.2d 253; State v. Drayton, Fla.App.1969, 226 So.2d 469; State v. Gillespie, Fla.App.1969, 227 So.2d 550, and then in State v. Crawford, Fla.1972, 257 So.2d 898.
No error having been made to appear the judgment is therefore affirmed.
MANN and McNULTY, TT., concur.