PER CURIAM.
Appellant was found guilty of (1) unlawful possession of a narcotic drug, (2) possession of implements for drug usage, and (3) unlawful possession of marijuana, after a trial before the court without jury in the Criminal Court of Record for Dade County. On this appeal, he challenges the admission into evidence of a statement made at the time of his arrest, and urges error upon the trial judge’s failure to suppress evidence seized at the time of his arrest.
Appellant’s first point does not present reversible error because of the rule stated in State v. Craig, Fla.1970, 237 So.2d 737, and Anderson v. State, Fla.App.1968, 207 So.2d 518. The second point, which alleges error because the trial judge denied the motion to suppress, is also without merit. See Fla.Stat. §§ 901.15, 901.21(2) (c), F.S.A. Our holding is distinguished from the holding in Benefield v. State, Fla.1964, 160 So.2d 706, because, in the case at bar, the police officer was lawfully upon the premises because of an unrelated matter when he observed a crime in progress. His entry, without demanding his admittance and announcing his authority and purpose, was justified under an exception stated in Benefield v. State, supra. The exception states that a police officer may proceed without demanding admit *626 tance and stating his authority and purpose “ . . . where the officers are justified in the belief that the persons within are in imminent peril of bodily harm.” Under another exception stated in Benefield, the police officer was further justified in his action because he believed that destruction of evidence would be attempted if he delayed his entry.
Affirmed.