336 So.2d 705 (1976)
Wendy L. TREMAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 75-901.
District Court of Appeal of Florida, Fourth District.
August 6, 1976.
Rehearing Denied September 27, 1976.
Richard L. Jorandby, Public Defender, Frank B. Kessler and Craig S. Barnard, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Basil S. Diamond and Harry M. Hipler, West Palm Beach, for appellee.
*706 WALDEN, Judge.
The defendant was found guilty by jury on two counts of delivery of cannabis, one count of delivery of cocaine, and one count of possession of more than five grams of cannabis. As to all three charges of delivery, the defendant raised the defense of entrapment.
We have examined all points on appeal and find no reversible error. Hence, we affirm.
There is one underlying point which merits discussion. Defendant proffered the testimony of a psychologist who would have testified, in furtherance of defendant's plea of entrapment, that defendant was dependent on others and lacked will power. Defendant did not plead insanity as a defense.
And as the basic question is whether testimony regarding the mental state of a defendant in a criminal case is admissible in the absence of a plea of not guilty by reason of insanity.
The answer to the question is "no."
Mental medical testimony is generally not admissible unless the defendant places his sanity in issue. The rationale is that the test for criminal responsibility is whether the defendant knows the difference between right and wrong, other evidence relating to defendant's mental state is immaterial, see gen. 23 C.J.S. Criminal Law § 867; 22 C.J.S. Criminal Law § 58.[1] Illustrative of this principle of nonadmissibility are the following cases:
People v. Jenko, 410 Ill. 478, 102 N.E.2d 783 (1952). Defendant was indicted for first degree murder. At trial two psychiatrists testified on behalf of defendant. Both testified that, while he was a psychopathic personality, he was capable of differentiating between right and wrong. Defendant called a psychologist who testified that she gave a Rorschach test. The state objected and the psychologist testified no further. On appeal defendant contended the psychologist should have been allowed to testify regarding his mental condition. The court held her testimony was properly excluded.
"Criminal responsibility depends upon whether the accused knows the difference between right and wrong... A subnormal mentality is not a defense to a charge of crime unless the accused is by reason thereof unable to distinguish between right and wrong... ."
State v. Huff, 14 N.J. 240, 102 A.2d 8 (1953). Defendant was convicted of first degree murder. On appeal the court stated:
"A psychologist whose qualifications were unquestioned was offered by the defendant, and after the preliminary foundation had been established, he was asked if he `arrived at any definite conclusion as to the mental age and the capability of this defendant.' The State's objection to the question was sustained, and counsel argue it was offered `for the purpose of attempting to explain the burial and not for the purpose of reducing the chronological age from the defendant's 38 years to a mental age, thereby creating a presumption of the defendant's inability to commit a crime.'
"No objection appears in the record challenging the court's ruling and the matter is not therefore properly before us. Nevertheless, on the merits we find no error.
"An adult's responsibility for a crime is not measured by a comparison of his mental ability with an infant's, but rather the test is his appreciation of the nature and the quality of his act and the difference between right and wrong in its commission."
Commonwealth v. Bey, 364 Pa. 150, 70 A.2d 342 (1950). Defendant was convicted of murder. At the trial he proffered the *707 testimony of a medical witness for the purpose of testifying that a physical injury to the defendant's chest, accidentally received at work, had produced a mental reaction which, in his opinion, was capable of inducing defendant's later criminal conduct. The court held this testimony was properly excluded noting that defendant had never raised the issue of his sanity.
McKee v. State, 372 P.2d 243 (Okl.Cr. 1962). Defendant was found guilty of manslaughter and appealed the trial court's refusal to admit the testimony of Dr. Ungerman, a psychiatrist. The court held such testimony had been properly excluded:
"The state of mind of the accused is the proper subject for expert testimony when the defense is based on a plea of insanity at the time of the commission of the act but such is not the case here presented."
State v. Narten, 99 Ariz. 116, 407 P.2d 81 (1965). Defendant was convicted of first degree murder. On appeal the defendant argued that the trial court erroneously excluded psychiatric testimony showing the absence of a specific mental state though not amounting to legal insanity. On appeal the testimony was held properly excluded.
Johnson v. State, 223 Miss. 56, 76 So.2d 841 (1955). Defendant did not plead insanity at his first degree murder trial; therefore, the trial court properly excluded testimony concerning peculiarities, etc., displayed by defendant. See Fitzhugh v. State, 43 So.2d 831 (Ct. of App.Ala. 1949), but see State v. Padilla, 66 N.M. 289, 347 P.2d 312 (1959).
The Florida Supreme Court case of Everett v. State, 97 So.2d 241 (Fla. 1957), indicates support for the foregoing principle.[2] In Everett defendant pleaded not guilty by reason of insanity to first degree murder. On appeal defendant urged that the court's refusal to give certain charges was erroneous. The substance of the instructions was that the defendant's mental condition could be considered by the jury in arriving at the determination of whether he was capable of forming a premeditated design even though he was not found to be insane. In response to this the court stated:
"It is settled law that conviction of a lower degree of crime cannot be secured for the reason that defendant's mind was so unsound as to render him incapable of deliberation if he knew the nature of his act."
The court further noted that in Florida the test for determining criminal responsibility is whether one knows right from wrong.
Furthermore, in Ezzell v. State, 88 So.2d 280 (Fla. 1956), the court held that the testimony of an expert witness was properly excluded. The purpose of the testimony was to prove that defendant had a psychopathic personality so severe as to show lack of intent to commit first degree murder. Since the plea of insanity was out and there was no defense based on mental defects less than insanity, the expert testimony was properly excluded.
The foregoing cases support the holding that, since defendant in the case at bar did not plead not guilty by reason of insanity, the psychologist's testimony was correctly excluded.
The two Florida cases, Ezzell and Everett, supra, indicate Florida aligns itself with the jurisdictions which have not followed the diminished responsibility doctrine and, hence, the trial court in the case at bar correctly excluded the testimony of the psychologist.
It is our opinion that to allow expert testimony as to mental state in the absence of an insanity plea would confuse and create immaterial issues. If permitted, such experts could explain and justify criminal conduct. As lay people we could guess that almost everyone who commits crimes *708 against society must have some psychiatric or psychological problem. However, the test continues to be legal insanity as defined and not otherwise, and the court and jury should not be subjected to testimony as to mental flaws and justifications where the defendant knew the difference between right and wrong at the time of the crime.
For these reasons we affirm the trial court decision rejecting the testimony of the psychologist.
AFFIRMED.
DOWNEY, J., concurs and
ANDREWS, JOHN S., Associate Judge, dissents without opinion.
NOTES
[1] There is the theory of diminished responsibility under which evidence of a mental condition less than insanity is admissible. This evidence has been held admissible for purposes of negating specific intent, to determine what punishment to give a defendant, see 22 A.L.R.3d 1228, Annot.: Mental or emotional condition as diminishing responsibility for crime.
[2] Florida cases have held that expert testimony regarding the mental state of a witness (not a defendant) may be introduced into evidence. This evidence may be entered even though no one is arguing the witness is insane. Hawkins v. State, 326 So.2d 229 (2d DCA Fla. 1976); see Dinkins v. State, 244 So.2d 148 (4th DCA Fla. 1971); see 15 A.L.R. 932, Annot.: Impeachment of witness by expert evidence tending to show mental or moral defects.