JORGENSON, Judge.
This is an appeal by Roñica Stephens from judgments of conviction and sentences for first-degree murder [Count I] and attempted first-degree murder [Count II] following a jury trial. Ms. Stephens traveled from her home in Fort Myers to Miami in an attempt to reconcile with her now-deceased husband. She made several attempts to locate him and finally found him and his girlfriend at the Pub Steakhouse and Bar. According to Ms. Stephens’ testimony, if her husband refused to reconcile, she was going to kill herself. However, several witnesses at the bar overheard her indicate that she was going to kill her husband. Ms. Stephens confronted her husband and his paramour, and, according to Ms. Stephens, the weapon accidentally discharged. We affirm the convictions but reverse and remand for re-sentencing on Count II.
On this appeal, Ms. Stephens contends first that the trial court should have granted a judgment of acquittal because the killing was an accident and the state failed to prove beyond a reasonable doubt that the killing was premeditated. Her second argument is that the trial court should have allowed testimony from a psychologist to show that she was suicidal at the time of the shooting and that she did not have the specific intent necessary for murder. Finally, Stephens says that the trial court erred in sentencing her outside the guidelines as to Count II because the trial court failed to use a guidelines score-sheet and did not give its reasons for sentencing outside the guidelines.
As to the first two points, there is no error. First, witnesses testified that, immediately before the shooting, they heard Ms. Stephens say that she was going to kill her husband. The foregoing evidence is sufficient to prove beyond a reasonable doubt that the killing was premeditated. Sired v. State, 399 So.2d 964, 967 (Fla.1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2257, 72 L.Ed.2d 862 (1982). Her second argument, that a psychologist should have been allowed to testify regarding her suicidal tendency and depression at the time of the shooting, is, in effect, a “diminished capacity defense.” This defense has not been adopted in Florida. Campbell v. Wainwright, 738 F.2d 1573, 1581 (11th Cir. 1984), cert. denied, 475 U.S. 1126, 106 S.Ct. 1652, 90 L.Ed.2d 195 (1986). In the absence of a plea of not guilty by reason of insanity, the trial court was correct in excluding the proffered testimony of the two psychologists.[1] Eight v. State, 512 So.2d 922 (Fla.1987) (adhering to Zeigler v. State, *1277 402 So.2d 365, 373 (Fla.1981), cert. denied, 455 U.S. 1035, 102 S.Ct. 1739, 72 L.Ed.2d 153 (1982), and Tremain v. State, 336 So.2d 705 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 954 (Fla.1977)).[2]
Her third argument, that the trial court erred in its sentencing for Count II, has merit. State v. Jackson, 478 So.2d 1054 (Fla.1985); Coleman v. State, 483 So.2d 539 (Fla. 2d DCA 1986). We reverse and remand for resentencing on Count II.
Conviction and sentence affirmed on ■Count I; conviction on Count II affirmed, and cause remanded for resentencing on Count II.

. The defense intended to use this testimony to show that Stephens was suffering from "clinical *1277 depression,” and, therefore, could not have formed the specific intent to kill.

. Relying upon Gurganus v. State, 451 So.2d 817 (Fla.1984), Stephens claims that evidence of her clinical depression is relevant to show her inability to form the necessary specific intent. Gurganus, however, is a case in which a plea of not guilty by reason of insanity had been entered. Thus, psychological testimony on the issue of specific intent was proper. In the absence of a plea of not guilty by reason of insanity, such testimony is improper. Kight; Zeigler; and Tremain. We note that the First District recently certified a similar issue in Chestnut v. State, 505 So.2d 1352 (Fla. 1st DCA 1987).